Herman Franck, Esq. SBN 123476
Elizabeth Betowski, Esq., SBN 245772
Franck & Associates
1750 Prairie City Road, Ste. 130, #254
Folsom, CA 95630
Tel: 916-256-6266
Email: franckhermanlaw88@yahoo.com
Attorneys for Plaintiffs Michael Castagnola;
Michael Castagnola as Trustee of The Michael L. Castagnola
Revocable Trust Agreement dated September 15, 2016;
and Carly Castagnola

# UNITED  STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### [San Francisco Division]

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA, <br><br> Plaintiffs, <br><br> v. <br><br> MARK ADAMS in his capacity as Receiver; ROBERT PITTMAN in his capacity as Sonoma County Counsel; DIANA GOMEZ, in her capacity as Sonoma Deputy County Counsel; MICHAEL KING, in his capacity as Sonoma Deputy County Counsel COUNTY OF SONOMA; TYRA HARRINGTON in her capacity as Manager of Code Enforcement Permit Sonoma; SUSAN GORIN in her capacity as Supervisor; DAVID RABBITT in his capacity as Supervisor; CHRIS COURSEY in his capacity as Supervisor; JAMES GORE in his capacity as Supervisor; LYNDA HOPKINS in her capacity as Supervisor; JESSIE CABLK in his capacity as employee of Permit Sonoma; CALIFORNIA RECEIVERSHIP GROUP INC. a California Corporation; | Case No: 25-cv-03624-**JD** <br><br> **PLAINTIFFS MICHAEL CASTAGNOLA, MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016, AND CARLY CASTAGNOLA'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE DISMISSAL** |

RECEIVERSHIP FINANCING, LLC, a California
limited liability company;
DOES 1-10

Defendants.

Plaintiffs are in receipt of the Court's order to show cause dated September 30, 2025, a copy of which is attached to this responsive document as Attachment A.

The Order to Show Cause requires Plaintiffs to show cause why the complaint should not be dismissed without prejudice in light of the delay in getting the complaint served.

## I.
## RESPONSE TO ORDER TO SHOW CAUSE

Attached to this response as Attachment B are excerpts from Plaintiffs' recently-filed Case Management Statement, in which we explain to the Court why there was an extended delay in filing the First Amended Complaint. Basically, there was quite a bit of activity in the Sonoma County Superior Court proceedings, which occupied Plaintiffs' counsel in the form of the need to prepare responsive pleadings to a series of status conferences.

So the Court can understand the importance of those proceedings, they included orders by the Superior Court granting Mark Adams, the court-appointed receiver, full permission to sell Mr. Castagnola's residence.

In addition, successor counsel Herman Franck substituted into this case on July 2, 2025 [Docket #11 and analyzed the initial complaint in this action, and noted that the initial complaint did not

set forth claims for relief in which Mr. Castagnola could get his house back. Plaintiffs  have now included those claims in this case, in particular, the Thirteenth Claim for Relief for Reformation of Deed and Quiet Title. See First Amended Complaint [Docket #18], pages 195-19, paragraphs 597-604.

Plaintiffs have also undertaken the ambitious effort to add federal and state RICO charges to this complaint. This took some doing, because the RICO claim must also be supported by the claims of other victims. It took a bit of doing to get it all done, but finally Plaintiffs did get it done and filed the First Amended Complaint on September 22, 2025 [Docket #18].

In the meantime, Mark Adams, the court-appointed receiver, is busy trying to finish a sale to the property. We filed a notice of *lis pendens* on September 23, 2025 [Docket #19], and are recording that against the property.

Plaintiffs are attempting to move quickly at this juncture in order to save the property from being sold.

Plaintiffs also point out that following the submission of the first amended complaint, we did file a timely status conference statement on September 25, 2025. We request that the court exercise its discretion in allowing this case to proceed forward as is.

Further, on September 30, 2025, we obtained an amended summons as there have been new defendants added to the complaint, as well as a new plaintiff [Docket #25]. The real property in question was actually owned by Mr. Castagnola's Family Trust, which was not listed as a

plaintiff in the initial complaint, but now is. Plaintiffs will proceed to getting the complaint and summons served.

## II.
## CONCLUSION

Based on the foregoing, Plaintiffs request that the Court not dismiss this action, but instead allow it to proceed in its current form as a First amended complaint.

Note to Liz, so I forgot where I wrote about that, but somewhere in there, I did write about that and I think it's probably section one, when, you know, has everybody been served? Maybe it is there where I lay that out, but somewhere in there, what I'm looking for a couple pages that you could attach.

Respectfully Submitted,

//s// Herman Franck, Esq.

_____              Date: October __1__ , 2025
Herman Franck, Esq.
Attorneys for Plaintiffs Michael Castagnola;
Michael Castagnola as Trustee of The Michael L. Castagnola
Revocable Trust Agreement dated September 15, 2016;
and Carly Castagnola

Response to Order to Show Cause

4

1

**List of Attachments**

2

3    Attachment A: Excerpts from plaintiff's status conference statement describing the reasons for
delays.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Herman Franck, Esq. SBN 123476
Elizabeth Betowski, Esq., SBN 245772
Franck & Associates
1750 Prairie City Road, Ste. 130, #254
Folsom, CA 95630
Tel: 916-256-6266
Email: franckhermanlaw88@yahoo.com
Attorneys for Plaintiffs Michael Castagnola;
Michael Castagnola as Trustee of The Michael L. Castagnola
Revocable Trust Agreement dated September 15, 2016;
and Carly Castagnola

# UNITED  STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### [San Francisco Division]

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA, | Case No: 25-cv-03624-JD |
| | **PLAINTIFFS' MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; AND CARLY CASTAGNOLA STATUS CONFERENCE STATEMENT** |
| Plaintiffs, | |
| v. | |
| MARK ADAMS in his capacity as Receiver; ROBERT PITTMAN in his capacity as Sonoma County Counsel; DIANA GOMEZ, in her capacity as Sonoma Deputy County Counsel; MICHAEL KING, in his capacity as Sonoma Deputy County Counsel COUNTY OF SONOMA; TYRA HARRINGTON in her capacity as Manager of Code Enforcement Permit Sonoma; SUSAN GORIN in her capacity as Supervisor; DAVID RABBITT in his capacity as Supervisor; CHRIS COURSEY in his capacity as Supervisor; JAMES GORE in his capacity as Supervisor; LYNDA HOPKINS in her capacity as Supervisor; JESSIE CABLK in his capacity as employee of Permit Sonoma; CALIFORNIA RECEIVERSHIP GROUP INC. a California Corporation. | Date: October 2, 2025 Time: 10:00am Dept: 11, 19th Floor |

Status Conference Statement

1

RECEIVERSHIP FINANCING, LLC, a California
limited liability company;
DOES 1-10

Defendants.

Plaintiffs Michael Castagnola; Michael Castagnola as Trustee of The Michael L. Castagnola Revocable Trust Agreement dated September 15, 2016; and Carly Castagnola herewith submit this case management statement regarding the upcoming October 2, 2025 scheduled initial Case Management Conference.

## 1.  Jurisdiction and Service

Subject Matter Jurisdiction is based on federal question matter jurisdiction as the case has claims for relief under the Federal Civil Rights Act, 42 USC section 1983 and under the federal RICO Act, 18 USC section 1961 et seq., which invoke the courts federal question jurisdiction pursuant to 28 USC section 1331. The court has supplemental jurisdiction over the series of state law claims for relief pursuant to the court's supplemental jurisdiction under 28 USC section 1367.

The plaintiffs just filed this week their first amended complaint, which has not as of this writing been served on any of the defendants.

Our apologies to the Court, but due to the need to add quite a few new claims for relief, and due to the pendency of significant legal proceedings in the underlying Sonoma County Superior Court action, the process of finalizing the first amended complaint became delayed.

As it is right now, the First Amended Complaint has been filed. Counsel of record for Plaintiffs Herman Franck has confirmed with prior counsel Mr. Tom Camp that he had reached an agreement in principle with Sonoma County County's County Counsel office, in which they agreed to receive service of summons and complaint. We will be sending the summons and complaint over to County Counsel office forthwith and will determine if that agreement is still in existence or not. If it's no longer in agreement, then we will undertake the process of serving all of the defendants.

As far as a deadline for this process, we request that this Case Management Conference be put over approximately 60 days because some of the defendants are no longer employed by the County of Sonoma, and we do not have their personal residence address. We will need to locate them through the use of our process servers skip trace procedure, which generally works to find people.

Plaintiffs do not foresee any issues regarding personal jurisdiction or venue.

## 2. Facts

The primary issue of this case revolves around conduct and behavior of Mr. Mark Adams, an attorney and court-appointed receiver in the underlying action of Sonoma County v. Michael Castagnola and Michael Castagnola as Trustee of The Michael L. Castagnola Revocable Trust Agreement dated September 15, 2016, Sonoma County Case No. SCV-265714. Mr. Castagnola entered into a stipulation for entry of judgment to legalize his residential premises located at bracket address in bracket. The problem was that there were several structures on the property that had been built without a building permit.

Mr. Castagnola recognized this defect, and agreed to legalize the process by obtaining permits after the fact. The complaint in the present action emphasizes that plaintiffs do not take issue in any way, shape, or form with the judgment itself. Instead, the problems began and continue through to the present from conduct and behavior after the judgment.

Chronology of Events

- March 7, 2017 Sonoma County Code Enforcement Agenda Item #26, which proposed a stepped-up enforcement of code violations and with the assistance of county counsel's office, imposing huge abatement fees to fund code enforcement operations [FAC, Exhibit C];

- 2017-2020: the number of code enforcement actions and proceedings increased to 5005 cases (FAC, Exhibit AA; and paragraphs 244-245);

- Date County placed a Code Enforcement *lis pendens* on the Castagnola property [FAC, Exhibit D]: January 7, 2020

- Date of Judgment [FAC, exhibit K, copy of judgment]: July 24, 2020

- Date Michael Castagnola attempted to obtain building permits: July 2021

- Date of Order appointing Mark Adams as receiver [See FAC, Exhibit H, order appointing Mark Adams as receiver]: May 25, 2022

- Date of initial demolition activity on the property re non-party tenants: July 24, 2023

- Date of foreclosure on property, where Mark Adams took title: September 10, 2024 [See September 10, 2024 Trustee's Deed of Sale, Exhibit Y to the FAC]

- Date Carly's Yurt demolished: January 8, 2025

- Date Michael was evicted: January 8, 2025

- Date Carly was evicted: January 8, 2025

Respectfully Submitted,

//s// Herman Franck, Esq.
_____                          Date: September __25_ , 2025
Herman Franck, Esq.
Attorneys for Plaintiffs Michael Castagnola;
Michael Castagnola as Trustee of The Michael L. Castagnola
Revocable Trust Agreement dated September 15, 2016;
and Carly Castagnola

**LIST OF ATTACHMENTS**

Attachment A: A chronology of expense reports and loans taken by Mark Adams as receiver showing Expenses: $347,501, Loans: $532,695.73 for Total amounts: $880,196
>    Note: this chronology is set forth in Exhibit AA to the First Amended Complaint, Report by Carly Castagnola as sub-exhibit N thereto

Attachment B: Chronology prepared by Carly Castagnola showing a series of loans that Mark Adams has taken out on this property, totaling a staggering $880,000

Attachment C: Further chronology of events: List of Exhibits A-S to Carly Castagnola's Report on Loan improprieties