ROBERT H. PITTMAN #172154
County Counsel
JOSHUA A. MYERS #250988
Chief Deputy Counsel
MICHAEL A. KING #77014
Deputy County Counsel
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
E-mail: michael.king@sonomacounty.gov

Attorneys for Defendants
Robert Pittman, Diana Gomez,
Michael King, Tyra Harrington,
Susan Gorin, David Rabbit,
Chris Coursey, James Gore,
Lynda Hopkins, Jesse Calbk,
County of Sonoma

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA,<br><br>      Plaintiff,<br><br>vs.<br><br>MARK ADAMS, Et al.<br><br>      Defendants.<br><br>_____ / | Case No. 25-cv-03624-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**(FRCP Rule 12(b)(6); Rule 8)**<br><br>Date:   February 12, 2026<br>Time:  11:00 a.m.<br>Courtroom:  Courtroom 11 – 19th Floor<br>Judge:  Hon. James Donato |

TO PLAINTIFFS MICHAEL CASTAGNOLA, et al. AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on February 12, 2026 at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11- 19th Floor, located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendants ROBERT PITTMAN, DIANA GOMEZ, MICHAEL KING, COUNTY OF SONOMA, TYRA

HARRINGTON, SUSAN GORIN, DAVID RABBITT, CHRIS COURSEY, JAMES GORE, LYNDA HOPKINS, and  JESSIE CABLK, ("County Defendants"), and each of them individually, will and hereby do move this Court for an order granting dismissal of the Verified First Amended Complaint for Violation of the Federal Civil Rights Act, Federal R.I.C.O Act; Related State Law Claims Including an Action for Reformation of Deed and Quiet Title ("FAC"), filed on September 22, 2025, by Plaintiff Michael Castagnola; Michael Castagnola as Trustee of the Michael L Castagnola Revocable Trust Agreement Dated September 15, 2016; and Carly Castagnola, ("Plaintiffs"). This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12

(b)(6), based on the following separate and independent grounds: the First Amended Complaint is an obvious attempt to collaterally challenge the lengthy Superior Court proceedings after entry of Judgment stipulated to by Michael Castagnola; the claims are precluded by final decisions on the same claims in prior state court motions and cases;  the individual claims are barred by the applicable statute of limitations; the pleading fails to allege facts constituting a cognizable legal theory or a plausible claim; any federal and state court claims are subject to immunity; Plaintiff failed to file a Government Code claim; Plaintiffs have no standing for some of the claims and remedies requested.

This Motion to Dismiss is also brought for failure to provide a short and plain statement, pursuant to Federal Rules of Civil Procedure Rule 8,

**STATEMENT OF ISSUES**

(1)    Whether the lawsuit and each claim are barred by the principles of claims and issue preclusion.

(2)    Whether the lawsuit and each claim, is barred by the applicable statutes of limitations.

(3)    Whether Plaintiff pleaded sufficient facts to state a plausible claim or cause of action against the Defendants, and each of them.

(4)    Whether immunities apply to bar recovery against the County Defendants.

(5)    Whether the state law claims are barred due to failure to file a tort claim pursuant to the California Government Code.

(6)    Whether any Plaintiff has standing for some or all of the claims for relief;

(7)    Whether the Court should summarily dismiss this pleading as a frivolous and unwarranted attempt to circumvent the outcome of the Judgment entered on July 24, 2020 against Michael Castagnola in Superior Court, Sonoma County, SCV-265714, and all the subsequent orders and rulings. It is also an attempt to void the Judgment in SCV-271045 and the Elder Abuse Petitions in state court. (*Rooker Feldman* Doctrine).

(8)    Whether the First Amended Complaint should be summarily dismissed due to its failure to comply with Federal Rules of Civil Procedure 8.

This Motion to Dismiss is based on the attached Memorandum of Points and Authorities in support thereof, the accompanying Request for Judicial Notice, the accompanying Declarations, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.


Dated:  December 24, 2025          By:  /s/ *Michael A. King*
                                   Michael A. King
                                   Attorney for Defendants
                                   Robert Pittman, Diana Gomez, Michael King,
                                   Tyra Harrington, Susan Gorin, David Rabbit,
                                   Chris Coursey, James Gore, Lynda Hopkins,
                                   Jesse Calbk, County of Sonoma

# TABLE OF CONTENTS

STATEMENT OF ISSUES ...........................................................................2

TABLE OF CONTENTS...............................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES ...................................10

I.       INTRODUCTION ...........................................................................10

         A.      Defective Pleading of Complaint ................................ 10

         B.      Factual Background and Code Enforcement Action................................. 11

         C.      Secondary Litigation ................................................. 13

II.      ANALYSIS OF FIRST AMENDED COMPLAINT .........................................14

III.     MOTION TO DISMISS STANDARDS FRCP 12(B)(6).......................................15

         A.      Federal Rule of Civil Procedure 12(b)(6) ................................. 15

IV.  LEGAL ANALYSIS RULE 12(B)(6)…………………………………………….. ……16

         A.      Plaintiff's Claims are Barred by Claims and Issue Preclusion .................. 16

         B.      Plaintiff's Claims Are Barred by Statute of Limitations............................ 18

         C.      Plaintiff Fails to State a Cognizable Claim for Federal or State
                 Claims................................................................................ 19

         D.      No Cognizable Legal Theory Is Presented as to County of Sonoma.......... 20

         E.      State Law Claims Do Not State Cognizable Claims Against
                 Individuals......................................................................... 22

         F.      No Government Claim is Alleged .................................................. 22

         G.      Immunities Apply to Individual Supervisors ................................. 23

         H.      Immunities Apply to Individual Attorneys................................ 23

         I.      Qualified Immunity Applies in the Event That the Court Does Not
                 Find Absolute Immunity Applies ................................................. 24

         J.      There Can be No Punitive Damages ............................................. 25

         K.      Rooker-Feldman Clearly Applies to Bar This Action ................................ 25

V.   PLAINTIFF HAS FAILED TO PLEAD HIS CLAIMS PER FRCP RULE 8 .....................26

VI.  PLAINTIFFS LACK STANDING.............................................................26

 VII. CONCLUSION ……………………………………………………………… ...............27

**TABLE OF AUTHORITIES**
**Cases**

*AE v. Cty. of Tulare*
666 F.3d 631, 637 (9th Cir. 2012) ................................................................ 22

*Albright v. Oliver*
510 U.S. 266, 271 (1994) .......................................................................... 19

*Aldabe v. Aldabe*
616 F.2d 1089, 1092 (9th Cir. 1980) ............................................................ 27

*Ashcroft v. Iqbal*
556 U.S. 662, 679 (2009) .......................................................................... 15

*Bell Atlantic v. Twombly*
550 U.S. 544, 555 (2007) .......................................................................... 16

*Bogan v. Scott-Harris*
523 U.S. 44, 46, (1998); ........................................................................... 23

*Brittain v. Hansen*
451 F.3d 982, 991 (9th Cir. 2006) ............................................................... 20

*Bryan v. Las Vegas Metro. Police Dept*
349 Fed. App'x 132, 134-35 (9th Cir. 2009)................................................... 25

*Buckley v. Fitzsimmons*
509 U.S. 259, 273 (1993) .......................................................................... 23

*Cetacean Cmty. v. Bush*
386 F.3d 1169, 1174 (9th Cir. 2004)............................................................ 26

*City and County of San Francisco v. Cooper*
13 Cal. 3d 898, 914-915 (Cal. Supreme Ct. 1975)........................................... 23

*City of Canton v. Harris*
489 U.S. 378, 385 (1989) .......................................................................... 21

*Clark v. Bear Stearns & Co.*
966 F.2d 1318, 1320 (9th Cir. 1992) ........................................................... 18

*Clements v. Airport Auth. of Washoe Cnty.*
69 F.3d 321, 327 (9th Cir. 1995) ................................................................ 17

*Collins v. Cnty of Alameda*
2024 U. S. Dist. LEXIS 215546 (N.D. Cal. 2024)...................................... 17, 18

*Curtis T. v. County of Los Angeles*
(2004) 123 Cal.App.4th 1405, 1415.............................................................. 22

*Del Perico v. Thornsley*
877 F.2d 785 (9th Cir. 1989) ..................................................................... 19

*DeShaney v. Winnebago County Dep't of Soc. Serv.*
489 U.S. 189, 195, (1989) ......................................................................... 20

*Dix v. Superior Court*
(1991) 53 Cal.3d 442, 451 ................................................................................. 27

*Epstein v. Wash. Energy Co.*
83 F.3d 1136, 1140 (9th Cir. 1996) ................................................................... 16

*Erdman v. Cochise County, Arizona*
926 F.2d 877, 882 (9th Cir. 1991) ..................................................................... 21

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
544 U.S. 280, 284, 125 S. Ct. 1517 (2005) ................................................. 25, 26

*Fowler v. Guerin*
899 F.3d 1112, 1119 (9th Cir. 2018) ................................................................. 25

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*
528 U.S. 167, 180-81 (2000) ............................................................................. 27

*Gant v. Cnty. of Los Angeles*
772 F.3d 608, 618 (9th Cir. 2014) ..................................................................... 21

*Gibson v. United States*
781 F.2d 1334, 1337 (9th Cir. 1986) ................................................................. 21

*Holcombe v. Hosmer*
477 F.3d 1094, 1097 (9th Cir. 2007) ................................................................. 17

*Horton v. City of Santa Maria*
915 F.3d 592, 602-03 (9th Cir. 2019) ............................................................... 22

*Huffman v. County of Los Angeles*
147 F.3d 1054, 1058 ......................................................................................... 20

*Johnson v. Riverside Healthcare Sys.*
534 F.3d 1116, 1121 (9th Cir. 2008) ................................................................. 15

*Jones v. Brock*  549 U.S. 199, 215 (2007) ......................................................... 18

*Kalina v. Fletcher*
522 U.S. 118, 131 (1997) ................................................................................... 23

*Kellogg v. Wilson*
2018 U.S. Dist. LEXIS 123882, (S.D. Cal. July 24, 2018) ............................... 26

*Lance v. Dennis*
546 U.S. 459, 460, 126 S. Ct. 1198, 1199 (2006) ............................................. 25

*Lopez v. Smith*
203 F.3d 1122, 1130 (9th Cir. 2000) ................................................................. 16

*Lozado v. City and County of San Francisco*
45 Cal.App.4th 1139, 1152 (2006) .................................................................... 22

*Lujan v. Defenders of Wildlife*
504 U.S. 555, 560, 112 S. Ct. 2130 (1992) ....................................................... 26

*McGowan v. Weinstein*
(C.D. Cal. 2002) 505 F. Supp. 3d 1000, 1023 ........................................................ 19

*Migra v. Warren City School Dist. Bd. Of Educ.*
465 U.S. 75, 85 (1984) ........................................................................................ 17

*Monell v. Department of Social Services of City of New York*
436 U.S. 658 (1978) ...................................................................................... 20, 21

*Noel v. Hall*
341 F.3d 1148, 1157-58 (9th Cir. 2003) .............................................................. 25

*Ogborn v. City of Lancaster*
101 Cal.App.4th 448, 461 (Cal. Ct. App. 2002) ................................................... 23

*Owens v. Okure*
488 U.S. 235 (1989) ............................................................................................ 19

*Pearson v. Callahan*
555 U.S. 223, 231 (2009) ..................................................................................... 24

*Polk Cnty. v. Dodson*
454 U.S. 312, 318, (1981) .................................................................................... 20

*Prebilich v. City of Cotati*
No. 3:21-CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021). ....... 20

*Ramachandran v. Best Best & Kreiger*
2021 U.S. Dist. LEXIS 23756 (N.D. Cal. 2021) .................................................... 24

Ross v. IBEW
634 F.2d 453, 457 (9th Cir. 1980) ....................................................................... 17

*Rotella v. Wood*
528 U.S. 549, 552-553, (2000) ............................................................................ 19

*Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012) ......... 20

*Shanks v. Dressel*
540 F.3d 1082, 1087 (9th Cir. 2008) .................................................................... 20

*Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*
4 F.4th 747, 758 (9th Cir. 2021) .......................................................................... 20

*Stewart v. U.S. Bancorp*
297 F.3d 953, 956 (9th Cir. 2002) ....................................................................... 18

*Stupy v. U.S. Postal Serv.*
951 F.2d 1079, 1081 (9th Cir. 1991) .................................................................... 27

Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency
322 F.3d 1064, 1077 (9th Cir. 2003) .................................................................... 17

*Tenney v. Brandhove*
341 U.S. 367, 377-379 (1951) .............................................................................. 23

*Trevino v. Gates*
99 F.3d 911, 918 (9th Cir. 1996)...................................................................... 21

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
971 F.2d 244, 248 (9th Cir. 1992) .................................................................. 16

*VNT Prop. 1 v. City of Buena Park*
 2015 LEXIS 186828 ( C.D. Cal. 2015) .......................................................... 24

*Walker v. Boeing Corp.*
(C. D. Cal. 2002) 218 F.Supp.2d 1177 ........................................................... 19

*Wilson v. Garcia*
471 U.S. 261 (1985) ....................................................................................... 19

*Wood v. Moss*
572 U.S. 744, 758 (2014) ............................................................................... 24

**Statutes**

42 U.S.C.
section 1983 ......................................................................................... passim

California Code of Civil Procedure
§ 340(3) ......................................................................................................... 19

California Code of Civil Procedure
§335.1 ............................................................................................................ 19

California Code of Civil Procedure
§391 ............................................................................................................... 12

California Goverment Code
§950.6 ............................................................................................................ 22

California Goverment Code
§950.2 ............................................................................................................ 22

California Government Code
§820.2 ............................................................................................................ 23

California Government Code
§ 911.2 ........................................................................................................... 22

California Government Code
§818.2 ...................................................................................................... 23, 25

California Government Code
§ 945.4 ........................................................................................................... 22

California Health & Safety Code
 §17980.7 ....................................................................................................... 12

Title 18 United States Code
Part 1, Ch. 96 §1961 ................................................................................ 13, 27

**Other Authorities**

*Rooker-Feldman* Doctrine ...................................................................  17, 25, 26

**Rules**

Federal Rule of Civil Procedure
Rule 12(b)(1) ............................................................................................... 26

Federal Rule of Civil Procedure
Rule 12(b)(6) ................................................................................. 1, 4, 15, 16

Federal Rules of Civil Procedure
Rule 8............................................................................................... 1, 2, 26

**Constitutional Provisions**

United States Constitution
14th amendment ............................................................................. 11, 16, 19

United States Constitution
4th Amendment......................................................................................... 16

United States Constitution
8th Amendment .................................................................................. 11, 16

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

### A.  Defective Pleading of Complaint

4

The "Verified First Amended Complaint" ("FAC") (Dkt. No. 18), in this case, is very

5 characteristic of the massive pleadings with hundreds of pages of exhibits customarily filed by

6 present counsel for Plaintiffs Castagnola. It is nearly impossible to synthesize the 681 paragraphs

7 of allegations, spanning the 230 pages of the FAC, into a discussion of the specific allegations

8 presented against the County of Sonoma or any of the individual County employed Defendants:

9 Robert Pittman, Diana Gomez, Michael King, Tyra Harrington, Susan Gorin, David Rabbit,

10 Chris Coursey, James Gore, Lynda Hopkins, Jesse Calbk.  This task appears more daunting due

11 to the 490 pages of mostly unnecessary and mostly irrelevant "exhibits" filed with the First

12 Amended Complaint.

13

The task of analyzing any relevant allegations in the FAC is compounded by counsel's

14 highly repetitious pleading of the same point; e.g., First Amended Complaint, paragraphs 308,

15 503, 552, 591, 595, 664, 680 – all repeated in Dkt. No. 18; Prayer for Relief No. 7, p. 221 of 230

16

Fortunately for the Court, detailed analysis of the FAC is not necessary since the issues

17 presented have been adjudicated and decided in the lengthy state court proceedings involving the

18 County and Michael Castagnola.  Not only have the same claims and arguments been raised by

19 Plaintiffs in multiple actions in the Superior Court of California, County of Sonoma, but most of

20 the events added to the original Complaint, occurred more than 2 years before the filing date of

21 April 28, 2025.

22

Perhaps the most outrageous allegations involve naming individual members of the

23 Board of Supervisors without any explanation.  Apparently, the claim deals with passing a

24 resolution in 2017, an act for which each supervisor is absolutely immune.  Plaintiffs also have

25 already attacked members of the County Counsel office in multiple actions and have been told

26 that there is no legal basis for those allegations,  The continued flaunting of prior court decisions

27 on these issues is one of the bases for the Rule 11 Motion for Sanctions that County Defendants

28 intend to file in this matter.

**B. Factual Background and Code Enforcement Action**

Plaintiff Michael Castagnola, individually and as trustee, was the owner of property located at 2778 Dupont Road, Sebastopol, CA.  Since he failed to abate code violations at the property; the County of Sonoma ("County"), filed the case of *County of Sonoma v. Castagnola, et al.,* Superior Court, Sonoma County Case No. SCV-265714, to enforce numerous building and zoning code violations.

On December 19, 2019, Michael Castagnola filed Case No. 19-cv-08290 in U.S. District Court, Northern District of California, naming the County, its Permit Department, and the Department's Director.  That Complaint alleged constitutional violations based on: (1) the due process clause of the 14th amendment; (2) excessive fines of the 8th Amendment; and (3) search and seizure clause of the Fourth Amendment. (Request for Judicial Notice "RJN", filed concurrently herewith, Exhibit No. 1, p. 4: 14-21.)[1]

After being informed by the County of its intention to file a motion to dismiss in the District Court case, on February 3, 2020, Mr. Castagnola's attorney filed a Cross-Complaint in the state court case which essentially mirrored the U.S. District Court case. On May 21, 2020, Mr. Castagnola's attorney filed an "Amended Verified Cross-Complaint" in Superior Court Case No. SCV-265714.  (RJN Ex. No. 2.)

This Court dismissed District Court Case No. 19-cv-08290 without prejudice, based upon the *Younger* Abstention Doctrine on April 22, 2020. (RJN Ex. No. 3.)  The same claims in Case No. 19-cv-08290, were dismissed <u>*with prejudice*</u> by the dismissal of the Cross-Complaint in Superior Court Case No. SCV-265714. (RJN Ex. No. 4.)

This dismissal of the Cross-Complaint was a negotiated term of the settlement agreement and stipulation for entry of  judgment, reached through a lengthy mediation.  Stipulation for Entry of Judgment was filed in SCV-265714 on July 15, 2020. (RJN Ex. No. 5, see page 9 of 9 of Stipulated Judgment attached.) Judgment *with the agreement of Michael Castagnola on the Stipulation for Entry*, was confirmed and entered by the Court, the Honorable Jennifer V.

---

[1] County Defendants unfortunately found it necessary to attach numerous pleadings and orders to make clear what actually has transpired in prior court proceedings.

1   Dollard presiding, on July 24, 2020. (RJN Ex. No 6.)

2       The terms of the Judgment included abatement of numerous nuisance conditions and

3   payment of a variety of abatement costs, counsel fees, and civil penalties.  Mr. Castagnola as a

4   trustee and personally failed to abate the conditions that were the subject of the Judgment by

5   either obtaining proper permits to legalize them or by demolition. He failed to comply with the

6   other terms of the Judgment, including payment of the drastically reduced amount for costs, fees

7   and penalties in the Judgment. Mr. Castagnola spurned multiple requests that he comply with the

8   terms of the Judgment, forcing the County to seek a contempt order as provided for in the

9   Judgment. Appellant failed to appear at the contempt hearing resulting in an arrest warrant. (RJN

10  Ex. Nos. 7 and 8.)

11      Mr. Castagnola reneged on his agreement to abate the conditions and pay the negotiated

12  sums owed in the Judgment.  Instead, he chose to file repeated motions attacking the Judgment:

13  including a Motion to Vacate the Judgment and Motion to Disqualify County Counsel.  The

14  Motions were denied. (RJN Ex. Nos. 9 and 10.)

15      Because Plaintiff was not abating the violations and no payment was made, the County

16  sought appointment of a receiver pursuant to Cal. Health & Safety Code §17980.7 and Cal. Civ.

17  Proc. Code § 564(b)(3). The Honorable René Auguste Chouteau (ret.) heard the matter in

18  Sonoma County Superior Court. Judge Chouteau granted the Petition on May 25, 2022. (RJN Ex.

19  No. 11.)

20      Plaintiff Castagnola not only opposed the County's Petition to Appoint a Receiver, and

21  appealed that decision, but while the appeal was pending, he filed a Motion to Vacate the

22  appointment of the receiver which was denied on September 19, 2022. (RJN Ex. Nos. 12.)  The

23  Court of Appeal, First District, affirmed the appointment of the Receiver in its Opinion on July

24  27, 2023. (RJN Ex. No. 13.)  This decision and various orders for which judicial notice is

25  requested, provide an accurate history of actual events  -- which directly contradict many of the

26  fictious allegations in the First Amended Complaint ("FAC".)

27      All the frivolous motions in the code enforcement action and the secondary litigation

28  filed by Michael Castagnola (*infra*), led the County to move to designate Mr. Castagnola as a

vexatious litigant under California Code of Civil Procedure §391, et seq. This motion was granted.  Mr. Castagnola is a designated vexatious litigant in California with a pre-filing requirement. (RJN Ex. No. 14.)  Again, page 5 of the ruling attached to the Order Granting Motion to Declare Michael Castagnola a Vexatious Litigant, provides a good synopsis of the reality of events, not the inaccurate rendition portrayed in the FAC, Dkt. No. 18.

All of the claims raised in the present FAC were previously raised by Plaintiff or could have been raised by him since they arise out of the same nucleus of facts.

### C.  Secondary Litigation

Mr. Castagnola was not content with filing his questionable motions and oppositions in Superior Court.  He filed a case naming Bruce Goldstein (County Counsel at the time), Robert Pittman, and Diana Gomez, without good cause, Sonoma Superior Court Case No. SCV-271045. The First Amended Complaint listed various causes of action including 1) Fraud, 2) Recission, 3) "Extortion" listing several Penal Code sections, 4) *Title 18 United States Code, Part 1, Ch. 96 §1961, RICO violations,* 5) Bane Civil Rights Act.  (RJN Ex. No. 15.)

A request for dismissal fell on deaf ears although Mr. Castagnola was advised about various defenses, including the need to file a Government Code tort claim for state causes of action and the immunities available to Defendant attorneys. Ultimately a Demurrer was sustained without leave to amend.  The Court entered Judgment for these Defendants on June 22, 2023. (RJN Ex. No. 16.)   Mr. Castagnola did not accept that decision, bringing a Motion to Disqualify County Counsel in SCV-271045, despite his prior motion to disqualify in SCV-265714.  The Motion to Disqualify was denied, as was a Motion to Vacate Judgment in SCV-271045. (RJN Ex. Nos. 17 and 18.)

Mr. Castagnola was not finished filing his improper, bad faith claims and legal actions. He filed "Elder Abuse" Petitions against Bruce Goldstein (former County Counsel), Diana Gomez, and Michael King, claiming that lawful actions taken by County Counsel to seek enforcement of the Judgment he agreed to, was somehow elder abuse. He also sued the Receiver and Judge Chouteau who had issued some of the trial court orders in the code enforcement case.

1   The Petitions were denied without a great deal of ceremony on February 24, 2023.  (RJN Ex. No.

2   19.)

3        Throughout the voluminous prior pleadings and claims of Plaintiff Michael Castagnola,

4   he has continued to raise the same basic legal principles and claims as he does in the present

5   lengthy, confusing, and often incomprehensible First Amended Complaint.

6   **II.    ANALYSIS OF FIRST AMENDED COMPLAINT**

7        Despite the very lengthy and verbose mélange of fact, fiction, argument and conclusion,

8   there are very few allegations related to any potential claim, and none which support legal

9   recovery against any County Defendant.

10       Plaintiff counsel correctly alleges in Dkt No. 18, ¶¶17-21, that David Rabbit, Susan

11  Gorin, Chris Coursey, James Gore, and Lynda Hopkins are members of the Board of Supervisors

12  (although the gender pronoun used for each is not always correct .)  There do not appear to be

13  any charging allegations against any of them, other than repeatedly requesting an injunction from

14  imposing "further encumbrances" on the property that Mr. Castagnola no longer owns. (Dkt No.

15  18, ¶¶308, 503, 552, 591, 595, 664, 680.) There is no allegation of why these individuals have

16  any involvement in this case, other than for harassment and annoyance.

17       Defendants assume the reason to include the Supervisors is a March 2017 legislative

18  action to pass a Resolution attached as Dkt. No. 18-1, pp. 16-17.  No facts are alleged to

19  establish a claim based upon passing legislation.  Supervisor Chris Coursey was not even

20  involved with that decision since he was not supervisor yet.  Even if there was some legal

21  authority to support a claim, that decision was made 8 years before this lawsuit was filed.

22       Plaintiff counsel again correctly alleged that Tyra Harrington and Jesse [sic] Cablk are

23  employees with the County permit department, called "Permit Sonoma".  While there is a great

24  deal of argument, insinuation, generalizations, and venomous conclusions about Tyra

25  Harrington's actions towards other violators of Sonoma County codes, the allegations that seem

26  to relate to Mr. Castagnola are wholly conclusory and generalized.  For example, in the "Sixth

27  Claim- Improper Appointment of Receiver" ignores completely reality – the Court appoints the

28  receiver.  It is also completely unclear when and what is referenced in Dkt. No. 18, ¶¶397-403.

1    These allegations clearly are an attack on the Judgment Mr. Castagnola agreed to in July 2020,

2    the dismissal of his Cross-Complaint, and the legal attempts to enforce that Judgment. (RJN Nos.

3    4, 5 and 6.)

4        The continued attacks on County Counsel are not only unwarranted, but they seem to be

5    directed to litigation events or activities similar to what Plaintiff counsel performs for his clients

6    – attendance at Board of Supervisor meetings, attendance at court status conferences, preparation

7    of motions, submission of orders, etc. (e.g., Dkt. No. 18, ¶¶ 7, 10, 11, 12, 62 , 129 which merely

8    repeats  #7, 195, etc.)  Many of the accusations are not even supported by the massive amounts

9    of exhibits attached to the FAC. (e.g., Exhibit G-1, G-2, and G-3 are all prepared by the

10   Receiver, not anyone from County Counsel. Nos. G-2 and G-3 are not even the documents as

11   identified in Dkt. No. 18.)

12       Is it Plaintiff counsel's position that he is subject to countersuit for filing this oppressive

13   amended complaint and various other questionable pleadings?

14       There is no known reason why Plaintiff counsel includes the woes of his other clients,

15   none of whose similar attempts to challenge judgments and administrative orders, have any place

16   in this case.  (E.g., Dkt. No. 18, ¶¶ 213-277, 293-305.)  Mixed in with these irrelevant and often

17   incomprehensible allegations are visceral comments about the "Sonoma County Superior Court".

18   (E.g., ¶¶ 281, 283).

19   **III.    MOTION TO DISMISS STANDARDS FRCP 12(b)(6)**

20   **A.  Federal Rule of Civil Procedure 12(b)(6)**

21       A claim for relief may also be dismissed under Federal Rule of Civil Procedure 12(b)(6)

22   for a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. Proc. 12(b)(6)

23   ("Rule 12 (b)(6)").  A request for dismissal under Rule 12(b)(6) may be based on the lack of a

24   cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.

25   *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

26       To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient

27   factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v.*

28   *Iqbal,* 556 U.S. 662, 679 (2009).  Determining whether a complaint states a plausible claim for

1    relief will be a context-specific task that requires the reviewing court to draw on its judicial

2    experience and common sense.  *Ashcroft, Id.* 556 U.S. at 679.

3        Bare assertions which amount to "nothing more than a formulaic recitation of the

4    elements" of a claim for relief are conclusory and not entitled to be assumed true.  *Iqbal,* 129 S.

5    Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory

6    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

7    failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

8        When considering a motion to dismiss, the Court may consider undisputed matters of

9    public record through a request for judicial notice, including state court records. *United States ex*

10    *rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

11    Leave to amend should be denied if it is clear that the deficiencies in the complaint cannot be

12    cured by amendment.  See *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000).

13    **IV.   LEGAL ANALYSIS RULE 12(b)(6)**

14    **A.  Plaintiff's Claims are Barred by Claims and Issue Preclusion**

15        In his prior pleadings in this court and state Superior Court, the numerous motions in the

16    Superior Court code enforcement case, his appeal of appointment of the receiver, and his

17    spurious separate actions against some of these defendants, Michael Castagnola has raised the

18    same claims or had the opportunity to raise the same claims as he is now raising in the First

19    Amended Complaint.  U.S. District Court Case No. 19-cv-08290 raised claims under 42 U.S.C.

20    section 1983 for due process; as he did the Amended Verified Cross-Complaint in Superior

21    Court Case No. SCV-265714.  (RJN Nos. 1 and 2).  The Cross-Complaint raised the issue of

22    "excessive fines" under the 8th Amendment, 14th amendment due process violations, and 4th

23    Amendment civil rights violations.

24        Even after he stipulated to a Judgment, instead of abating the conditions, Michael

25    Castagnola engaged in a relentless and aggressive campaign to overcome that agreement.  The

26    Court documents in Sonoma County Superior Court Case No. SCV-265714, and the ancillary

27    actions filed by Plaintiff against County attorneys and the Receiver, and multiple unsupported

28    motions prove the incongruity of the claims contained in the FAC. Plaintiff continued to

1    challenge compliance with the 7/24/20 Judgment that he agreed to after a day-long mediation.

2    He went so far as suing Judge René Auguste Chouteau.  (RJN Ex. 19 references elder abuse

3    petition filed against Judge Chouteau).  Most of the claims that are named in the FAC, or their

4    progenitors, have already been litigated adversely against Plaintiff Michael Castagnola.

5          Claims preclusion bars the claims.  The 9th Circuit Court of Appeals, following U.S.

6    Supreme Court law, gives preclusive effect to a final state court judgment. *Holcombe v. Hosmer*

7    477 F.3d 1094, 1097 (9th Cir. 2007).  "Claim preclusion is a broad doctrine that bars bringing

8    claims that were previously litigated as well as some claims that were never before adjudicated."

9    *Holcombe*, 477 F.3d at 1097 (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321,

10   327 (9th Cir. 1995). The Supreme Court has held that a state-court judgment "has the same

11   claim-preclusive effect in [a federal §1983 case] that the judgment would have in [the applicable]

12   state court]." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984). In *Migra*,

13   the Court "rejecte[ed] the view that §1983 prevents the judgment in petitioner's state-court

14   proceeding from creating a claim preclusion bar in this case." Id. at 84.

15         The Honorable Edward M. Chen discussed various concepts that are relevant to this case

16   in the recent decision in *Collins v. Cnty of Alameda*, 2024 U. S. Dist. LEXIS 215546 (N.D. Cal.

17   2024).  Judge Chen followed the recommendations of Judge Joseph C. Spero in dismissing

18   plaintiff's case without leave to amend.  The claims of violation of civil rights related to criminal

19   charges and a conviction from the late 1990s.  The Court found that the claims were barred by

20   the statute of limitations and the *Rooker-Feldman* doctrine.

21         Judge Chen also discussed the bar to the claims based upon res judicata/claims preclusion

22   since the *factual predicate* in the case at bar was the same as a prior case. He stated the basic

23   principles that:

24         Under federal preclusion law, the elements necessary to establish res judicata are:
          "'(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between
25        parties.'" Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d
          1064, 1077 (9th Cir. 2003). Furthermore, where res judicata applies, it "bar[s] all
26        grounds for recovery which could have been asserted, whether they were or not, in a
          prior suit between the same parties . . . on the same cause of action." Ross v. IBEW,
27        634 F.2d 453, 457 (9th Cir. 1980) (emphasis added); see also Tahoe-Sierra Pres.,

28

322 F.3d at 1077-78 (stating that "imaginative" parties may not "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated").

*Collins v. Cnty of Alameda,* 2024 U. S. Dist. LEXIS 215546 **14-17 for full discussion.

Many of the "claims" or causes of action, are identical to those issues previously decided adversely to Plaintiff.  "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). A party invoking issue preclusion must establish: "(1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the earlier action." *Id.*

For example, the RICO "claim" in the FAC, while difficult to follow, was previously made in Sonoma Superior Court, Case No. SCV-271045. (RJN Ex. 15.) Judgment was entered in favor of Defendants, but counsel for Plaintiff persists in pursuing the claim in this new case. (RJN Ex. 16.)  The excessive fines claim was also disposed of with the dismissal with prejudice of the Cross-Complaint in the code enforcement case. (RJN Ex. 4.)  As such, "the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

**B.  Plaintiff's Claims Are Barred by Statute of Limitations**

In a possible attempt to avoid the bar to recovery, Plaintiff counsel leaves dates out of many of the allegations of conduct by County Defendants.  Most of the "claims" that appear to be alleged, have a statute of limitations of 2 years.  Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss is appropriate.  *Jones v. Brock*  549 U.S. 199, 215(2007) .

Plaintiff's federal constitutional claim for violation of "Federal Civil Rights Act," brought pursuant to 42 U.S.C. §1983, are barred by the statute of limitations because Plaintiff filed the original Complaint more than two years after the events detailed in the Complaint.  See

California Code of Civil Procedure §335.1 (two-year statute of limitations for personal injury in California); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." (internal citations omitted)).

Since 42 U.S.C. §1983 does not contain a statute of limitations, federal courts borrow the personal injury statute of limitations from the state in which the action arose. *Owens v. Okure* 488 U.S. 235 (1989); *Wilson v. Garcia* 471 U.S. 261 (1985). The Ninth Circuit has looked to California's general personal injury statute of limitations for §1983 lawsuits. *Del Perico v. Thornsley* 877 F.2d 785 (9th Cir. 1989) (applying former California Code of Civil Procedure § 340(3). California's current statute of limitations for personal injury actions is contained in California Code of Civil Procedure §335.1, which provides a two-year statute of limitations.

This two-year statute of limitations has equal application to state law claims to the extent they are even actionable against any County Defendant. Calif. Code Civ. Pro. §335.1; *Walker v. Boeing Corp.* (C. D. Cal. 2002) 218 F.Supp.2d 1177; *McGowan v. Weinstein* (C.D. Cal. 2002) 505 F. Supp. 3d 1000, 1023.

Even if the RICO claim was not already barred by claims preclusion and assuming the Court can understand the theory of liability being alleged against the County, the Supervisors, and County employees; the running of the statute of limitations for the RICO claim apparently starts with the Supervisors passing a resolution in 2017. A RICO claim has a 4-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 552-553, (2000).

**C. Plaintiff Fails to State a Cognizable Claim for Federal or State Claims**

Other than the title of the cause of action claiming violation of the 14th Amendment "due process", it is impossible to tell what "process" is subject to any alleged 14th Amendment protection. After he agreed to a Judgment in 2020, Mr. Castagnola filed numerous motions, separate lawsuits, and an appeal. What and when was the lack of due process?

In order to allege a substantive due process claim, Plaintiff must "show that a Defendant's actions are 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" *Slidewaters LLC v. Washington State Dep't of*

1    *Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021) (quoting *Samson v. City of Bainbridge Island*,

2    683 F.3d 1051, 1058 (9th Cir. 2012), cert. denied, 142 S. Ct. 779 (2022)). A plaintiff who brings

3    a substantive due process claim outside the fundamental rights arena "shoulder[s] a heavy

4    burden." *Id.* at 1262.  Substantive due process protects individuals from arbitrary deprivation of

5    their liberty by government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). To establish a

6    substantive due process claim, a plaintiff must show both a deprivation of her liberty and

7    conscience-shocking behavior by the government. *Brittain, Id.*

8        To state a substantive due process claim, the plaintiff must show as a threshold matter

9    that a state actor deprived him of a constitutionally protected life, liberty, or property interest.

10   *Shanks v. Dressel,* 540 F.3d 1082, 1087 (9th Cir. 2008).  The Constitution generally does not

11   require the state to "protect the life, liberty, and property of its citizens against invasion by

12   private actors." *DeShaney v. Winnebago County Dep't of Soc. Serv*., 489 U.S. 189, 195, (1989).

13   A state's failure to protect an individual from "harms inflicted by persons not acting under color

14   of law" will not ordinarily give rise to §1983 liability. *Huffman v. County of Los Angeles*, 147

15   F.3d 1054, 1058.

16       The U.S. Supreme Court has held a lawyer as an officer of the court does not make her or

17   him a "state actor" for the purposes of § 1983. See *Polk Cnty. v. Dodson,* 454 U.S. 312, 318,

18   (1981) "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state

19   actor 'under color of state law' within the meaning of § 1983."

20       The rest of the claims against individual defendants suffer from the same lack of clarity,

21   just as they did in the original Complaint in this case.  (Dkt. No. 1.)  It is futile to expect there

22   will be any improvement if the Court allows amendment.

23       **D.    No Cognizable Legal Theory Is Presented as to County of Sonoma**

24       Under the well-established standards of *Monell v. Department of Social Services of City*

25   *of New York*, 436 U.S. 658 (1978), the County may be called to answer a Section 1983 claim in

26   federal court only if the complaint plausibly alleges a pattern, practice, or custom of

27   constitutional violations. See *Monell*, 436 U.S. at 690-91; *Prebilich v. City of Cotati*, No. 3:21-

28   CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021). "A policy or practice

1    requires more than a few occurrences of challenged conduct. A single or even a few isolated and

2    sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under

3    Section 1983." *Prebilich*, 2021 WL 5964597, at \*2 (citing *Gant v. Cnty. of Los Angeles*, 772

4    F.3d 608, 618 (9th Cir. 2014)). Liability must be "founded upon practices of sufficient duration,

5    frequency and consistency that the conduct has become a traditional method of carrying out

6    policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

7         While it is very difficult to follow due to the fractured pleading, the alleged

8    "unconstitutional" policy or practice appears to be the County's practice of enforcing building

9    and zoning codes for violations committed by individuals or businesses like the Castagnolas.

10   While the County has always attempted to enforce its codes, the policy to enforce the codes that

11   is presumably claimed to be "unconstitutional" is a 2017 Resolution which is attached as Exhibit

12   C to Dkt. No. 18-1, pp. 16-17.  The supervisors approved hiring a manager for code enforcement.

13        The County cannot be held liable merely for employing a tortfeasor under a respondeat

14   superior theory.  *Monell, Id.,* at 691.   A county can only be held liable under § 1983 where the

15   county itself caused the constitutional violation through "execution of a government's policy or

16   custom, whether made by its lawmakers or those whose edicts are acts may fairly be said to

17   represent official policy." *Id.,* at 694.  Accordingly, "a plaintiff must allege that the action

18   inflicting injury flowed from either an explicitly adopted or a tacitly authorized [municipal]

19   policy."  *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir. 1986).

20        A plaintiff must allege a "direct causal link" between the constitutional deprivation and a

21   municipal policy or custom.  *Erdman v. Cochise County, Arizona,* 926 F.2d 877, 882 (9th Cir.

22   1991), quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).)  This requires that a plaintiff

23   actually allege the specific "policy" that caused the constitutional deprivation and resulting

24   injury – mistakes or isolated events of municipal officials do not arise to the level of "policy"

25   sufficient for § 1983 liability. (*Id.)*

26        To plausibly state a claim for municipal liability under *Monell*, a plaintiff must allege

27   unconstitutional conduct attributable to "(1) an official policy; (2) a pervasive practice or custom;

28   (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."

1    *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). In other words, the plaintiff

2    must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force'

3    behind the injury alleged." Id. (quotation omitted). At the pleading stage, a plaintiff's *Monell*

4    claim "may not simply recite the elements of a cause of action but must contain sufficient

5    allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

6    effectively." See *AE v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

7          How does allowing a department to hire a manager amount to an unconstitutional policy?

8    The FAC does not clearly and simply allege facts (not argument) resulting in a violation of a

9    constitutional right.  The 2017 Resolution is not even a policy.  It was passed 3 years before Mr.

10   Castagnola agreed to the Judgment against him.  Even if the Resolution was unconstitutional, no

11   causal connection can possibly exist between the Resolution itself, and the later actions taken to

12   enforce the 2020 Judgment which is supposedly not being challenged in this case.

13         **E.  State Law Claims Do Not State Cognizable Claims Against Individuals**

14         Like the Federal claims, the State law claims against the individual Defendants are

15   broadly stated in broad conclusionary terms. To the extent that they exist, the elements of the

16   state law causes of action are not sufficiently pleaded, nor are there facts pleaded to support the

17   claims.

18         **F.  No Government Claim is Alleged**

19         No person may sue a public entity or public employee for "money or damages" unless a

20   timely written claim has been presented to and denied by the public entity.  Gov. Code, §§ 945.4,

21   950.2 and 950.6 (employee) ; *Curtis T. v. County of Los Angeles* (2004) 123 Cal.App.4th 1405,

22   1415.  Government Code § 911.2 requires presentation of a claim relating to a cause of action for

23   injury to person or personal property. "The claim filing requirement has been held applicable to

24   claims arising out of negligence, nuisance, breach of statutory duties, intentional wrongs and

25   contract."  *Lozado v. City and County of San Francisco*, 45 Cal.App.4th 1139, 1152 (2006)

26         Since no claim was filed for the supposed wrongs alleged in this case, to the extent they

27   were not already adjudicated in the numerous state court pleadings, the state court claims should

28   be dismissed with prejudice.

### G.  Immunities Apply to Individual Supervisors

While no valid claim is stated against any of them, the Supervisors (Lynda Hopkins, David Rabbit, Susan Gorin, James Gore, and Chris Coursey) are all absolutely immune due to legislative immunity. Passing the 2017 Resolution is clearly legislative action.

Local legislators are entitled to absolute immunity from claims related to their discretionary legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 46, (1998); *Tenney v. Brandhove*, 341 U.S. 367, 377-379 (1951).  "[T]he time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace," and "where prestige and pecuniary rewards may pale in comparison to the threat of civil liability." *Bogan*, 523 U.S. at 52.

While there are no valid state claims pleaded involving the supervisors, immunities apply such as California Government Code  §820.2.  See for example, the decision of the local director of community development to declare a deteriorating residence a nuisance was discretionary. *Ogborn v. City of Lancaster*, 101 Cal.App.4th 448, 461 (Cal. Ct. App. 2002) California Government Code §818.2 bars liability to a public entity for failing to enforce a law.

The California Supreme Court has long held that "in the absence of some overriding constitutional, statutory or charter proscription, the judiciary has no authority to invalidate duly enacted legislation." *City and County of San Francisco v. Cooper*, 13 Cal. 3d 898, 914-915 (Cal. Supreme Ct. 1975.)

### H.  Immunities Apply to Individual Attorneys

Just as with the supervisors, no valid claim is stated against the County attorneys in this case.  Assuming for the sake of argument, that Plaintiff counsel somehow conjured up a claim against the County attorneys, they also are protected by absolute immunity for their actions in code enforcement litigation.

A prosecutor is protected by absolute immunity from liability for damages under § 1983 "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). However, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.*" Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity depends on "the nature of the function performed, not the identity of the actor who performed it." *Kalina,* 522 U.S. 118 at 127.

The Honorable Beth Labson Freeman found that the absolute prosecutorial immunity applied to an attorney and private law firm who were acting as City Attorneys representing the City of Los Altos in a code enforcement matter. *Ramachandran v. Best Best & Kreiger*, 2021 U.S. Dist. LEXIS 23756 (N.D. Cal. 2021). Judge Labson granted the City's and the lawyers' motions to dismiss with prejudice on multiple grounds. The Court found that obtaining a search warrant and enforcing municipal code violations are actions covered by prosecutorial immunity, citing *VNT Prop. 1 v. City of Buena Park,* 2015 LEXIS 186828 ( C.D. Cal. 2015).

## I. Qualified Immunity Applies in the Event That the Court Does Not Find Absolute Immunity Applies

All individual County Defendants have qualified immunity if for some reason the Court does not hold that absolute immunity applies to the Supervisors and attorneys. It is very doubtful that the multitudinous and repetitive allegations in the FAC, state a plausible claim for relief, or that there was any violation of a constitutional or other protected right. However, assuming the Court finds that there was a violation of a protected right, and that absolute immunity does not apply, individual County Defendants are entitled to qualified immunity since no right is "clearly established."

Plaintiff cannot recover for a violation of constitutional right; unless that the right was "clearly established" at the time of the challenged conduct. *Wood v. Moss*, 572 U.S. 744, 758 (2014). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

No constitutional right is violated by the passage of the Resolution by the Board of Supervisors. No right exists prohibiting County Counsel from appearing in court, preparing orders as mandated by the judge, or writing briefs like the present one. Plaintiffs have articulated no unlawful activity by the Permit Sonoma employees; only conclusory terms describe the

1   conduct of these employees.  If case law exists that the alleged conduct by County Defendants is

2   unconstitutional, it is certainly not "clearly established".  Qualified immunity is appropriate for

3   all County Defendants.

4       **J.  There Can be No Punitive Damages**

5       Plaintiff cannot recover punitive damages pursuant to his Section 1983 and related state

6   claims. See *Cal. Gov't Cod*e § 818; *Bryan v. Las Vegas Metro. Police Dept*, 349 Fed. App'x 132,

7   134-35 (9th Cir. 2009) (affirming a district court's finding the municipality could not be held

8   liable for punitive damages for plaintiff's Section 1983 claim and state law claims).

9       **K.  Rooker-Feldman Clearly Applies to Bar This Action**

10      While Plaintiff counsel states that he does not intend to challenge the state court

11  judgment, that is exactly the purpose of the First Amended Complaint.   The July 2020 Judgment

12  and the passage of almost 5 years before the filing of this action, render most if not all, of the

13  FAC irrelevant.  It is not just the specific terms of the Judgment in SCV-265714 that Plaintiff is

14  dredging up.  He is attacking all the post Judgment decisions by the Superior Court and the

15  California Court of Appeal.  He is attacking his designation as a vexatious litigant.  He is

16  attacking the Judgments received against him in SCV-271045 and the six (6) Elder Abuse

17  Petitions. He is attempting to "appeal" all the adverse decisions in state court under the guise of

18  re-labeling the same claims previously made.

19      The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising

20  jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered

21  before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.

22  Ct. 1198, 1199 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544

23  U.S. 280, 284, 125 S. Ct. 1517 (2005)). Thus, "pursuant to the *Rooker-Feldman* doctrine, federal

24  district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgments of state

25  courts." *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018), cert. denied, 140 S. Ct. 390

26  (2019).  Additionally, the doctrine prohibits federal court jurisdiction to issues that are

27  "inextricably intertwined" with the state court action.  (*Noel v. Hall*, 341 F.3d 1148, 1157-58 (9th

28  Cir. 2003); *see also Feldman*, *supra*, 460 U.S. at 483-484 n.16.)

1    The *Rooker-Feldman* doctrine applies where "the losing party in state court filed suit in

2  federal court after the state proceedings ended, complaining of an injury caused by the state-

3  court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi*

4  *Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The *Rooker-Feldman* doctrine applies to bar the

5  Castagnolas.

6    ## V.   PLAINTIFF HAS FAILED TO PLEAD HIS CLAIMS PER FRCP RULE 8

7

8    Federal Rules of Civil Procedure, Rule 8(a) states:

9  Claim for Relief. A pleading that states a claim for relief must contain:

10  (1) a short and plain statement of the grounds for the court's jurisdiction, unless
11      the court already has jurisdiction and the claim needs no new jurisdictional
12      support;

13  (2) a short and plain statement of the claim showing that the pleader is entitled to
        relief; and

14

15  (3) a demand for the relief sought, which may include relief in the alternative or
        different types of relief.

16    The First Amended Complaint does not come close to complying with Rule 8(a). See

17  *Kellogg v. Wilson*, 2018 U.S. Dist. LEXIS 123882, (S.D. Cal. July 24, 2018) (complaint failed to

18  comply with Rule 8 where it was "seventy-six pages in length, containing twenty-four pages of

19  single-spaced conclusory or confusing allegations . . . with over fifty pages of exhibits").

20  Counsel for Plaintiffs Castagnola easily surpasses Plaintiff in *Kellogg* with his 230 pages of First

21  Amended Complaint and 460 pages of exhibits.

22    ## VI.     PLAINTIFFS LACK STANDING

23    The question of standing is "an essential and unchanging part of the case-or-controversy

24  requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S.

25  555, 560, 112 S. Ct. 2130 (1992).  Because standing is a jurisdictional issue, it is properly

26  addressed under a Rule 12(b)(1) motion.  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir.

27  2004); see Fed. R. Civ. P. 12(b)(1).

28

1    In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has

2    suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

3    conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

4    defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed

5    by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc*., 528 U.S. 167,

6    180-81 (2000).  The First Amended Complaint is utterly deficient in any of these requirements:

7    1) no injury in fact is clearly established, 2) no causal link is shown since the Castagnolas' status

8    is purely a result of their own making, 3) the pleading is so incomprehensible, it is impossible to

9    see how any perceived injury to Plaintiff will be redressed in this lawsuit.  The Castagnolas do

10    not have Article III standing.

11    Plaintiffs further lack standing to bring federal, or state criminal law claims against any

12    of the Defendants. "Generally, criminal statutes do not confer private rights of action ...." *Stupy*

13    *v. U.S. Postal Serv.,* 951 F.2d 1079, 1081 (9th Cir. 1991).  Title 18 of the United States Code

14    concerns federal crimes. (Dkt. No. 18, ¶231). See *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

15    Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil

16    liability")  Similarly, Plaintiffs have no standing to attempt to enforce state Penal Code sections.

17    (E.g., Dkt. No. 18, ¶¶229, 526, 547, 592.)  No private citizen, however, personally aggrieved,

18    may institute criminal proceedings independently [citation], and the prosecutor's own discretion

19    is not subject to judicial control at the behest of persons other than the accused. [Citations.] An

20    individual exercise of prosecutorial discretion is presumed to be "legitimately founded on the

21    complex considerations necessary for the effective and efficient administration of law

22    enforcement." *Dix v. Superior Court* (1991) 53 Cal.3d 442, 451.

23    In addition to the fundamental jurisdictional challenge raised by the Receiver in his

24    Motion to Dismiss (Dkt. No. 34), it is questionable what right Plaintiffs have to bring many of

25    the claims in this action or seek injunctive relief.  Plaintiff Michael Castagnola admits in the

26    FAC that he lost the property to foreclosure. (Dkt. No. 18, ¶¶ 161 311, 611).  He is not the owner

27    of the Property, nor is he in possession of it.

28

1

## VII.    CONCLUSION

Plaintiff has had many bites of the apple in the numerous filings in state court. County Defendants respectfully request that this court not allow another one and that it dismiss this case with prejudice.

Dated: December  24 , 2025                    ROBERT H. PITTMAN,
                                              Sonoma County Counsel


                                    By:  /s/ *Michael A. King*
                                         Michael A. King
                                         Attorney for Defendants
                                         Robert Pittman, Diana Gomez, Michael King, Tyra
                                         Harrington, Susan Gorin, David Rabbit, Chris
                                         Coursey, James Gore, Lynda Hopkins, Jesse Calbk,
                                         County of Sonoma