```
ROBERT H. PITTMAN #172154
County Counsel
JOSHUA A. MYERS #250981
Chief Deputy Counsel
MICHAEL A. KING #77014
Deputy County Counsel
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
E-mail: michael.king@sonomacounty.gov

Attorneys for Defendants
Robert Pittman, Diana Gomez,
Michael King, Tyra Harrington,
Susan Gorin, David Rabbit,
Chris Coursey, James Gore,
Lynda Hopkins, Jesse Cablk,
County of Sonoma
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ADAMS, Et al.<br><br>Defendants.<br>_____ / | Case No. 25-cv-03624-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**(FRCP Rule 11)**<br><br>Date:   02/12/26<br>Time: 11:00 a.m.<br>Courtroom:   Courtroom 11 – 19th Floor<br>Judge:  Hon. James Donato |

TO PLAINTIFFS MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST; CARLY CASTAGNOLA AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on  February 12, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11, 19th Floor of the above-entitled Court located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendants ROBERT PITTMAN, DIANA GOMEZ, MICHAEL KING, COUNTY OF

1  SONOMA, TYRA HARRINGTON, SUSAN GORIN, DAVID RABBITT, CHRIS COURSEY,
2  JAMES GORE, LYNDA HOPKINS, and JESSIE CABLK, ("County Defendants") will and
3  hereby do move this Court for an order for sanctions pursuant to Federal Rules of Civil
4  Procedure, Rule 11(b)(1); 11(b)(2) and 11(b)(3) on the grounds that Plaintiff counsel has
5  presented a "First Amended Complaint" for improper purposes, delay, harassment, and
6  needlessly increase the cost of litigation. The claims are not warranted by existing law. The
7  allegations have no evidentiary support based upon the past litigation between Mr. Castagnola
8  and some of the County Defendants.

9      This Motion for Sanctions is brought pursuant to Federal Rules of Civil Procedure Rule
10 11(c) which provides for an award of reasonable expenses, including attorney's fees, if the Court
11 finds that Rule 11(b) was violated in the presentation of a pleading to the Court. A copy of a
12 sample motion was served on Plaintiff counsel in compliance with Rule 11(c)(2) and Rule 5.
13 Defendants requested that Plaintiff counsel withdraw and dismiss the improperly filed First
14 Amended Complaint herein, at least as to the individual defendants and all or most of the causes
15 of action.

16     This Motion for Sanctions is based on the attached Memorandum of Points and
17 Authorities in support thereof, the accompanying Request for Judicial Notice, the accompanying
18 Declarations, the papers and pleadings on file herein, and on such further arguments or evidence
19 as may be presented prior to adjudication of the motion.

20

21 Dated: January 6, 2026           By: /s/ *Michael A. King*
22                                      Michael A. King
                                        Attorney for County Defendants
23
24
25
26
27
28

# I. INTRODUCTION

## A. Prior Complaint

The original Complaint in this matter (Dkt. No. 1) is 61 pages in length but never gets around to stating a cognizable theory for recovery. It languished for months and was subject to an Order to Show Cause re Dismissal (Dkt. No. 24).

Counsel for the County Defendants was aware of the existence of the Complaint and entreated former counsel to dismiss it in his May 9, 2025 letter to attorney Thomas Camp. (**Exhibit 1** to Declaration of Michael King filed herewith.) The causes of action were not only barred by the applicable statutes of limitation, res judicata, or collateral estoppel; but it was questionable if any provided facts (not argument) sufficient to support a claim. In fact, many of the allegations were refuted by the "exhibits" attached to the Complaint. It is highly unlikely that the original counsel for Plaintiffs made any reasonable inquiry into the actual facts, the actual Superior Court process, the extraneous lawsuits filed by Michael Castagnola against many of the same County Defendants, or the applicable law required to state a valid claim.

## B. Status of Superior Court Case and Frivolous Lawsuits

Plaintiffs Michael Castagnola, individually and as trustee, are the Defendants in a code enforcement action: Superior Court, Sonoma County Case No. SCV-265714. In July 2020 while represented by counsel, after a lengthy mediation session, these Plaintiffs entered into a Stipulated Judgment. Following that Judgment, Mr. Castagnola was representing himself and embarked on a campaign to obstruct and avoid complying with that Judgment. He repeatedly filed unsupported and frivolous motions which ultimately led to him being declared a vexatious litigant by the Sonoma Superior Court. Ultimately the Court appointed a receiver, Mark Adams.[1]

In addition to the numerous frivolous pleadings, Mr. Castagnola filed a lawsuit against members of the County Counsel office which ended in Judgment against Mr. Castagnola and if favor of the County attorneys on June 22, 2023 in Superior Court Case No. SCV-271045. Mr.

---

[1] The separate lawsuits and the numerous frivolous motions and pleadings are more fully explained in the Motion to Dismiss filed herein; most are attached to the Request for Judicial Notice for that Motion. (Dkt. Nos. 42 and 43.)

1  Castagnola also filed Elder Abuse Petitions against attorneys, the receiver, and the Honorable
2  Rene Auguste Chouteau, which were dismissed with prejudice by the Superior Court.
3  　　　All this information was known to Plaintiffs Castagnola and presumably was disclosed to
4  their first and second attorneys.  Plaintiff counsel was also placed on notice of the need to fully
5  investigate the validity of the claims, after receipt of the letters and attachments provided by
6  Counsel for the County Defendants.  These documents placed counsel on notice of the need to
7  dismiss all or most of the claims to avoid this motion.
8  　　　The first attorney for Plaintiffs may have done the necessary investigation since he never
9  served the County Defendants with the original Complaint.
10 　　　**C.  First Amended Complaint and New Counsel**
11 　　　Plaintiffs obtained new counsel at some point, who filed a "Verified First Amended
12 Complaint" ("FAC") on September 22, 2025. (Dkt. No. 18). This massive tome (along with the
13 400 plus pages of exhibits) defies the direction under Federal Rule of Civil Procedure 8(a)(2) of a
14 "short and plain statement of the claim showing that the pleader is entitled to relief."
15 　　　The FAC copies some or most of the allegations and claims of the original Complaint in
16 Case No. 25-cv-03624, all or most of which was itself subject to dismissal without leave to amend.
17 The new allegations and claims also have no merit for the reasons provided in County Defendants'
18 Motion to Dismiss First Amended Complaint. (Dkt No. 42).
19 　　　Based upon the voluminous FAC in this case, and other cases handled by present
20 counsel for Plaintiffs, the attorneys routinely add numerous irrelevant, unrelated argumentative,
21 and conclusory allegations that now span 230 pages for the FAC and attaches 490 additional
22 pages of "exhibits".  The FAC is difficult to read and nearly impossible to analyze, except that
23 the claims are obviously legally insufficient.
24 　　　Defense counsel placed attorney Herman Franck on notice of the defenses and the lack
25 of any valid, cognizable theory against some or all of the County Defendants with the letter to
26 Mr. Franck on October 30, 2025, enclosing a template copy of this Motion per FRCP Rule 11.
27 (Exhibit 2 to King Declaration).
28 //

It is unlikely that present counsel for Plaintiffs Michael and Carly Castagnola made any reasonable inquiry into the legal and factual requirements for all or most of the claims made. In particular, most if not all, the claims are barred by the applicable statute of limitations. Plaintiffs have not stated facts supporting a cognizable legal theory, in part because the pleading is so confusing. Many of the claims are barred by claims and issue preclusion. Numerous immunities apply for the individually named defendants. These matters were raised in writing to both attorneys for Plaintiffs, and request was made for dismissal for all or most of the claims, against all or most of the County Defendants. A reasonable inquiry into to the actual facts and applicable law would have led to that outcome.

## II. LEGAL ANALYSIS

### A. Rule 11 Provides for Sanctions Including Attorney's Fees

Federal Rules of Civil Procedure, Rule 11 provides in part:

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
 (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
 (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
 (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
 (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
 (c) **Sanctions.**
 (1)   In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings or motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper

purpose. Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.,* 498 U.S. 533, 542, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991). Frivolous filings, or filings made for improper purpose, undermine this certification. *Est. of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-63 (9th Cir. 1990). Frivolous filings are both (1) objectively legally or factually baseless; and (2) made without a reasonable and competent inquiry. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), as amended on denial of reh'g (Mar. 26, 1997). Similarly, whether a filing is made for an improper purpose is judged objectively. *Townsend*, 929 F.2d at 1362.

As recently stated in *Lake v. Gates*, (9th Cir. 2025) 130 F. 4th 1064, 1068, in affirming a trial court award of sanctions:

> A complaint that does not comply with any one of these requirements gives grounds for monetary sanctions. See Fed. R. Civ. P. 11(c); see also Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1153 (9th Cir. 2002). In analyzing whether a complaint is sanctionable under Rule 11, we employ an objective standard of reasonableness and do not consider the attorney's subjective good faith. Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc., 892 F.2d 802, 811 (9th Cir. 1989), aff'd 498 U.S. 533, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991) (holding that Rule 11 does not allow for a "pure heart, empty head" defense (citation omitted)).

**B. District Court Has Inherent Power to Sanction a Party or Attorney**

A district "court has the inherent power to sanction a party or its lawyers if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)). "[T]he district court may not sanction mere 'inadvertent' conduct." *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001). The imposition of sanctions under the court's inherent powers requires "a finding of bad faith, or conduct tantamount to bad faith." *Vernon,* 255 F.3d at 1134.

**C. Repeated Delay and Frivolous Pleadings Should Result in Sanctions**

The filing of the original Complaint by prior counsel was questionable to begin with, especially after the Castagnolas persistently wasted the time and resources of the Sonoma County

Superior Court. There was significant delay in service of this District Court pleading, despite County Defendants' counsel advising that he would seek approval to accept service if the waiver of service form was sent to counsel's office.

The filing of the First Amended Complaint with additional frivolous claims when faced with an Order to Show Cause, is ill-considered. After the deficiencies were pointed out to present counsel, the continued pursuit of the FAC does not appear to be in good faith. This is exactly the type of conduct that Rule 11 is meant to address.

The signature on the first filing of this present lawsuit (25-cv-03624) is outrageous, after all the adverse adjudications in the Superior Court of California. This is exactly the type of conduct that Rule 11 is meant to address. Then filing of the monstrous First Amended Complaint, to avoid the Court's order to dismiss this case, is also frivolous and in bad faith.

As noted by the 9th Circuit in *Christian v. Mattel,* Inc., 286 F.3d 1118, 1131, the award of sanctions should be related to the signing of the pleadings in this action (not his past indiscretions) and that counsel's conduct was tantamount to bad faith. County Defendants are seeking sanctions only for the conduct of Herman Franck, Esq., who signed the FAC and refused to dismiss any County Defendant; and against Plaintiff Michael Castagnola for filing more frivolous litigation after the same matters have already been adjudicated in state court.

### D. Court Should Dismiss This Case With Prejudice

While dismissal for frivolous actions should ordinarily be made under Rule 12(b)(6), dismissal remains available directly under Rule 11. It is usually reserved for the rare case involving extreme misbehavior by the offending party such as fraud, contempt, and willful bad faith. Wright & Miller, *Federal Practice & Procedure* § 1336.3 (4th ed. 2024); see, e.g., *Mellow v. Sacramento Cnty*., 365 F. App'x 57, 58 (9th Cir. 2010) (affirming dismissal under Rule 11 where plaintiffs "filed the action for purposes of harassment"). This action is such a "rare case".

Plaintiffs Castagnola and their counsel have clearly filed this "amended" pleading for improper purposes, with full knowledge of the outcome in state court and the multiple reasons why §1983 claims are not valid and not available. Defendants believe that Plaintiffs and counsel should be sanctioned, and this entire action should be dismissed.

//

### III. COMPLIANCE WITH RULE 11(c)(2)

On April 3, 2025 (sic), counsel for County Defendants wrote prior counsel for Plaintiffs requesting an actual filed copy of any pleading in this matter but also advising that Defendants considered any lawsuit to be frivolous. On May 9, 2025, Defendants' counsel again wrote to attorney Thomas Camp regarding another delay tactic in the state court action, but also requesting that attorney Thomas Camp fully investigated this matter before he filed any more pleadings. Enclosed in that letter were numerous exhibits that provided a limited history of the actual litigation, not any ill-conceived allegations based upon information presumably provided by Mr. Castagnola. (**Exhibit 1** to Declaration of Michael King).

Eventually the Verified First Amended Complaint was served on the County Defendants by delivery to counsel as requested. As agreed, counsel for County Defendants sought and obtained permission to answer for County Defendants. On October 30, 2025, a copy of an unfiled template of this motion was served on attorney Herman Franck and Elizabeth Betowski requesting that they dismiss the First Amended Complaint in Case No. 25-cv-03624, in order to avoid the filing and pursuit of this Motion and the Motion to Dismiss filed in this matter. A copy of the letter and template motion are attached as **Exhibit 2,** to the Declaration of Michael King accompanying this Motion.

Plaintiff counsel provided a reply by letter dated November 20, 2025 (*Exhibit 3* to King Declaration). Very little of that letter deal with the County Defendants other than reference on page 3 to the "County's wrongdoing with respect to Mark Adams is he is their guy." This reference is presumably the entire basis for naming any County Defendant, but it completely ignores the law provided to attorney Herman Franck on October 30 (page 2): *Health and Safety Code section 17980.7 authorizes <u>courts to appoint a receiver.</u> The receiver is the agent of the Court, not any party. Cal.Ct.Rule 3.1179.* Attaching 100 pages of "exhibits" did not change this fact, nor the law. The FAC itself never stated any valid claim against the County Defendants, as would have been apparent if counsel had actually investigated the underlying facts of this case.

Attorney Franck does not discuss or acknowledge the issues of preclusion, statute of limitations, immunities, etc. Instead, he provided legal authority that is completely inapposite.

Before spending the time to prepare the Motion to Dismiss the First Amended Complaint, Defendants' counsel made a final attempt on December 18, 2025, to avoid filing that Motion to Dismiss and this Motion for Sanctions. (**Exhibit 4** to King Declaration). There was no response so County Defendants proceeded with their Motion to Dismiss.

### IV.   COURT SHOULD ALSO DISMISS AS SANCTION UNDER RULE 11

Counsel for County Defendants attempted to explain the reality of events, which new Plaintiff counsel may not have known. Mr. Franck did not seem to be interested in learning about the prior attacks on counsel and County representatives. It is clear that he made little or no attempt to investigate further before refusing to dismiss some or all the County Defendants, from some or all of the erroneous claims made in this matter.

While dismissals for frivolous actions should ordinarily be made under Rule 12(b)(6), dismissal remains available directly under Rule 11. It is usually reserved for the rare case involving extreme misbehavior by the offending party such as fraud, contempt, and willful bad faith. Wright & Miller, *Federal Practice & Procedure* § 1336.3 (4th ed. 2024); see, e.g., *Mellow v. Sacramento Cnty.*, 365 F. App'x 57, 58 (9th Cir. 2010) (affirming dismissal under Rule 11 where plaintiffs "filed the action for purposes of harassment"). This action is such a "rare case" since Plaintiff Michael Castagnola himself has engaged in the extreme misbehavior that is now enabled by his counsel.

Plaintiffs Castagnola and their counsel have clearly filed this "amended" pleading for an improper purpose, full knowing the outcome as to some or all of the defendants, on the claims raised about both state and federal law.

### V.   CONCLUSION

Defendants request their attorneys' fees incurred in this matter for filing the Motion to Dismiss under Rule 12(b)(6) and also for filing this Motion for Sanctions.

Dated: January 6, 2026            By: *Michael A. King*
                                                        Michael A. King
                                                        Attorneys for County Defendants