JOSHUA A. MYERS #250988
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
E-mail: michael.king@sonomacounty.gov

Attorneys for Defendants
Robert Pittman, Diana Gomez,
Michael King, Tyra Harrington,
Susan Gorin, David Rabbit,
Chris Coursey, James Gore,
Lynda Hopkins, Jesse Calbk,
County of Sonoma

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK ADAMS, Et al. <br><br> Defendants. | Case No. 25-cv-03624-JD <br><br> **COUNTY DEFENDANTS' RESPONSE TO REQUEST TO SUBSTITUTE PLAINTIFF COUNSEL** <br> **(FRCP Rule 11)** |

Defendants Robert Pittman, Diana Gomez, Michael King, Tyra Harrington, Susan Gorin, David Rabbit, Chris Coursey, James Gore, Lynda Hopkins, Jesse Cablk, and County of Sonoma ("County Defendants") hereby respond to the "Notice of Substitution of Plaintiffs' Counsel; Order Thereon" (Dkt. No. 65), as follows:

1) County Defendants have no objection to the Substitution of attorneys Herman Franck, Esq. and Franck & Associates for Plaintiffs to represent themselves, in pro se, so long as any such substitution does not result in any delay, continuance, or postponement of County

Defendants' pending Motion to Dismiss and pending Motion for Sanctions set for hearing on February 12, 2026, before the Honorable James Donato.

2) County Defendants object to any substitution to the extent that it is an attempt to avoid Rule 11 sanctions for the filing of and continued pursuit of the baseless First Amended Complaint by attorneys Herman Franck, Esq. and Franck & Associates, especially after the "safe harbor" letter to counsel on October 30, 2025 and attached template motion. (Dkt. No. 50-1, pp. 34-43.)

In *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005), the 9th Circuit held that the withdrawal of as counsel due to a conflict of interest does not protect him from sanctions based on a filing that he made before that withdrawal; citing *Bader v. Itel Corp. (In re Itel Sec. Litig.)*, 791 F.2d 672, 675 (9th Cir. 1986) (observing that case law provides "absolutely no hint . . . that a lawyer may escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions").

In the present case, Plaintiff counsel had numerous opportunities to withdraw or correct the "offending paper" (First Amended Complaint), before forcing the County Defendants and the Receiver, to file their various motions to dismiss and for sanctions.

Dated: February 4, 2026         By:  /s/ *Michael A. King*
                                     Michael A. King
                                     Attorney for County Defendants