MARK S. ADAMS, SBN 68300
California Receivership Group
3435 Ocean Park Blvd., Suite 107
Santa Monica, CA 90405
Tel. (310) 471-8181
Fax (310) 471-8180
madams@calreceivers.com
Attorney for Defendants MARK ADAMS in his capacity as Receiver; CALIFORNIA
RECEIVERSHIP GROUP INC, a California Corporation; and RECEIVERSHIP FINANCING,
LLC, a California limited liability company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA;<br><br>       Plaintiffs,<br><br>     v.<br><br>MARK ADAMS in his capacity as Receiver; ROBERT PITTMAN in his capacity as Sonoma County Counsel;<br>DIANA GOMEZ, in her capacity as Sonoma Deputy County Counsel;<br>MICHAEL KING, in his capacity as Sonoma Deputy County Counsel;<br>COUNTY OF SONOMA;<br>TYRA HARRINGTON in her capacity as Manager of Code Enforcement Permit Sonoma;<br>SUSAN GORIN in her capacity as Supervisor;<br>DAVID RABBITT in his capacity as Supervisor;<br>CHRIS COURSEY in his capacity as Supervisor;<br>JAMES GORE in his capacity as Supervisor;<br>LYNDA HOPKINS in her capacity as Supervisor;<br>JESSIE CABLK in his capacity as employee of Permit Sonoma;<br>CALIFORNIA RECEIVERSHIP GROUP INC. a California Corporation;<br>RECEIVERSHIP FINANCING, LLC, a California limited liability company;<br>and DOES 1-10;<br><br>       Defendants. | Case No. 3:25-cv-03624-JD<br><br>**DECLARATION OF MARK ADAMS IN OPPOSITION TO PLAINTIFFS' COUNSEL'S REQUEST FOR LEAVE TO APPEAR AT THE FEBRUARY 12, 2026 HEARINGS ON SERIES OF MOTIONS BY REMOTE APPEARANCE (Dkt. No 67)**<br><br>Judge: Hon. James Donato<br><br>Hearing<br>Date: February 12, 2026<br>Time: 11:00 a.m.<br>Location: Courtroom 11, 19th Floor |

**DECLARATION OF MARK ADAMS**

I, Mark Adams, declare as follows:

1.      I am an attorney at law, licensed to practice before all state and federal courts of the State of California. California Receivership Group and I serve as the Court-appointed health and safety receiver in the matter of <u>County of Sonoma v. Castagnola, et. al,</u> Sonoma County Court Case #SCV-265714 ("Receivership Action"). All facts set forth herein are based upon my personal knowledge, and if called upon to testify under oath to the veracity, I could and would do so.

2.      I submit this Declaration in opposition to Plaintiffs' Counsel Herman Franck's "Verified Application For Leave To Appear At The February 12, 2026 Hearings On Series Of Motions By Remote Appearance" ("Franck's Request") (Dkt. No 67).

3.      It is worth noting at the outset that it was Mr. Franck who chose the forum of the United States District Court for Northern California for this case. He could just as easily assert his claims in the Sonoma County Superior Court, except that to do so he would have had to deal with Judge Pardo's vexatious litigant order against his client (Michael Castagnola) in the Receivership Action. Attached hereto as **Exhibit 1** is a true and correct copy of this order. Implicit in choosing a forum is agreement to be bound by that Court's rules, which Mr. Franck does not want to do.

4.      The State Bar of California would certainly be surprised to learn that Mr. Franck's office address of 1750 Prairie City Rd. St 130, Folsom CA is not where he works. Attached hereto as **Exhibit 2** is a true and correct copy of the CA State Bar Attorney Search on Mr. Franck.  Indeed, a simple Google search shows several California addresses for Mr. Franck, see **Exhibit 3** attached. He certainly has retained his ties to California even if he does now reside in the Philipines.

5.      His request also does not address the fact that he has a partner or associate named Elizabeth Ann Betowski who does work at the above-stated address, see attached listing from the California State Bar website attached hereto as **Exhibit 4**. Certainly there is no undue burden in her driving from Folsom to San Francisco for the February 12, 2026 hearings.

///

6.      While not directly related to this matter, it is also worth noting that Mr. Franck apparently has a non-lawyer co-owner of Franck and Associates named Sabrina Chen. Besides being a non-lawyer co-owner of a law firm apparently in violation of Rule 5 of the California Rules of Professional Conduct, Ms. Chen also carries an expired real estate license. Attached hereto as **Exhibit 5** are her Linkedin page as well as the relevant page from the California Department of Real Estate website.

7.      I have already made my travel arrangements to personally appear at the hearing, notwithstanding the burden it imposes on my family.  My seventy-five-year-old wife is having surgery on February 11, 2026 and requires forty-eight-hour supervision thereafter per her doctor's orders. We have had to hire an overnight nurse to meet that medical requirement so that I can appear personally at the hearing. I do not ask any special consideration from the Court and neither should Mr. Franck.

8.      Court rules are court rules. If Mr. Franck doesn't want to obey this Court's rules, he should not have filed his lawsuit in this forum.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of February, 2026 in Santa Monica, CA.

Mark Adams

**DECLARATION OF MARK ADAMS**

**Exhibit 1**

CIV-130

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Michael A. King, #77014<br>Sonoma County Counsel<br>575 Administration Drive, Rm 105A<br>Santa Rosa, CA 95407<br>**TELEPHONE NO.:** 707-565-3743    **FAX NO.** *(Optional):*<br>**E-MAIL ADDRESS** *(Optional):*  michael.king@sonoma-county.org<br>**ATTORNEY FOR** *(Name):*  Plaintiff | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**   County of Sonoma |

| | |
|---|---|
| **STREET ADDRESS:** | Hall of Justice |
| **MAILING ADDRESS:** | 600 Administration Drive |
| **CITY AND ZIP CODE:** | Santa Rosa, CA 95403 |
| **BRANCH NAME:** | |

**PLAINTIFF/PETITIONER:**   County of Sonoma

**DEFENDANT/RESPONDENT:**   Michael Castagnola,Trustee of the
Michael L Castagnola Revocable Trust

| | |
|---|---|
| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER**<br><br>*(Check one):*  [X] **UNLIMITED CASE**      [ ] **LIMITED CASE**<br>       (Amount demanded        (Amount demanded was<br>       exceeded $25,000)         $25,000 or less) | **CASE NUMBER:**<br>SCV265714 |

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on *(date):*    July 24, 2023

2. A copy of the judgment, decree, or order is attached to this notice. Order Granting Plaintiff's Motion to
Declare Michael Castagnola a Vexatious Litigant

Date: August 2, 2023

MICHAEL A. KING, Deputy County Counsel
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                    ▶ *Michael A. King*
                                                                                          (SIGNATURE)

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]    **NOTICE OF ENTRY OF JUDGMENT OR ORDER**    www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

CIV-130

| PLAINTIFF/PETITIONER: County of Sonoma | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Michael Castagnola | SCV265714 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   575 Administration Drive, Rm 105A
   Santa Rosa, CA 95403

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* August 2, 2023
   b. from *(city and state):* Santa Rosa, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Michael Castagnola
      Street address: 12778 Dupont Rd.
      City: Sebastopol
      State and zip code: CA, 95472

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____ .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 2, 2023

Cheryl Cornett
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶  *Cheryl Cornett*
_____
(SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]

CEB® Essential
ceb.com Forms™

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 1

1  ROBERT H. PITTMAN, #172154
County Counsel
2  DIANA E. GOMEZ, #127417
Deputy County Counsel
3  MICHAEL A. KING, #77014
Deputy County Counsel
4  575 Administration Drive, Room 105-A
Santa Rosa, California 95403
5  Telephone: (707) 565-2421
Fax:  (707) 565-2624
6  Diana.Gomez@sonoma-county.org
Michael.King@sonoma-county.org
7
Attorneys for Plaintiff
8  COUNTY OF SONOMA

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
7/24/2023 2:58 PM
Robert Oliver, Clerk of the Court
By: Griselda Zavala, Deputy Clerk

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SONOMA

11

COUNTY OF SONOMA,                     Case No. SCV 265714
12
        Plaintiff,                    [PROPOSED] ORDER GRANTING
13                                    PLAINTIFF'S MOTION TO
                                      DECLARE MICHAEL CASTAGNOLA
14    vs.                             A VEXATIOUS LITIGANT
15  MICHAEL L. CASTAGNOLA, Trustee
of the MICHAEL L. CASTAGNOLA         Date:   July 19, 2023
16  REVOCABLE TRUST,                  Time:   3:00 P.M.
                                      Dept:   19
17        Defendant.
                                      Honorable Oscar Pardo
18  _____/

19          Plaintiff County of Sonoma's Motion to Declare Michael Castagnola a Vexatious

20  Litigant pursuant to Code of Civil Procedure §391, et seq., came on for hearing before the

21  Honorable Oscar M. Pardo on July 19, 2023 in Department 19.  A tentative ruling was issued

22  by the Court on July 18, a copy of which is attached hereto as Exhibit A.  Defendant Michael L.

23  Castagnola requested a hearing on this motion.

24          The matters having been submitted and good cause appearing after argument of

25  Defendant in pro per, after review of the moving and opposition papers, and the records on file

26  herein; the Court adopts its tentative ruling,  In consideration of all evidence and authority

27  provided in the pleadings to the court:

28

                                          1

**IT IS ORDERED THAT**:

The Motion to Declare Michael Castagnola a Vexatious Litigant is GRANTED. The Court adopts its previously published tentative ruling as final.

Defendant is hereby declared a vexatious litigant. Defendant may not file any new litigation in the courts of this state *in propria persona* without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. CCP § 391.7. The Clerk of Court is ordered to provide notice to the Judicial Council of the prefiling order issued in the instant case.  CCP § 391.7(f).

Dated: July 24 , 2023

_____
Judge of the Superior Court

Approved as to form:

Dated:

_____
Michael L. Castagnola

1                                           EXHIBIT "A"

2    <u>SCV-265714, County of Sonoma v. Castagnola</u>

3           Plaintiff County of Sonoma (the "County"), filed the complaint in this action against the
     property owner in this case, defendant Michael L. Castagnola, as trustee of the Michael L. Castagnola
4    revocable trust ("Defendant") alleging zoning violations and public nuisance under California Health
     and Safety Code §§ 17980 *et seq.* present at the property commonly known as 12778 Dupont Road,
5    Sebastopol, California (the "Property"). The County has filed the instant motion to declare Defendant a
     vexatious litigant under Cal. Code of Civil Procedure ("CCP"), § 391. The motion is **GRANTED**.
6
     I.              <u>Governing Law</u>
7
8           The vexatious litigant statutes were created to curb misuse of the court system by those acting in
     pro per who repeatedly relitigate the same issues. *Hupp v. Solera Oak Valley Greens Ass'n.* (2017) 12
9    Cal.App.5th 1300, 1311. "These persistent and obsessive litigants' abuse of the legal system 'not only
     wastes court time and resources but also prejudices other parties waiting their turn before the
10   courts.'" *Id.* citing *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008. Vexatious litigant statutes are
     constitutional and do not deprive a litigant of due process of law. *See, e.g. Bravo v. Ismaj* (2002) 99
11   Cal.App.4th 211, 220-21.

12          CCP § 391(b) defines "vexatious litigant" as a person who does any of the following: "(1) In the
     immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona
13   at least five litigations other than in a small claims court that have been (i) finally determined adversely
     to the person or (ii) unjustifiably permitted to remain pending at least two years without having been
14   brought to trial or hearing. (2) After a litigation has been finally determined against the person,
     repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the
15   determination against the same defendant or defendants as to whom the litigation was finally
     determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined
16   or concluded by the final determination against the same defendant or defendants as to whom the
     litigation was finally determined. (3) In any litigation while acting in propria persona, repeatedly files
17   unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other
     tactics that are frivolous or solely intended to cause unnecessary delay. (4) Has previously been
18   declared to be a vexatious litigant by any state or federal court of record in any action or proceeding
     based upon the same or substantially similar facts, transaction, or occurrence."
19   As few as three motions might be sufficient to meet the standard under CCP § 391(b)(2), where the
     three motions all see the same relief that has already been denied, or all relate to the same
20   judgment. *Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1266.
     "What constitutes 'repeatedly' and 'unmeritorious' under subdivision (b)(3), in any given case, is left to
21   the sound discretion of the trial court." *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971. "Not all
     failed motions can support a vexatious litigant designation. The repeated motions must be so devoid of
22   merit and be so frivolous that they can be described as a 'flagrant abuse of the system,' have 'no
     reasonable probability of success,' lack 'reasonable or probable cause or excuse' and are clearly meant
23   to 'abuse the processes of the courts and to harass the adverse party than other litigants.'" *Id.* at 972
     (internal quotations omitted). "A litigation is finally determined adversely to a plaintiff if he does not
24   win the action or proceeding he began, including cases that are voluntarily dismissed by a
     plaintiff." *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406. "A particular litigation is finally
25   determined when avenues for direct review (appeal) have been exhausted or the time for appeal has
     expired." *Id.* at 407, fn. 5.

26          CCP § 391.1 provides in relevant part that a defendant in any litigation may move for an order
     requiring the plaintiff to furnish security on the ground that the plaintiff "is a vexatious litigant and that
27   there is not a reasonable probability that he or she will prevail in the litigation against the moving
     defendant." CCP §391.2 provides in relevant part that "[a]t the hearing upon the motion the court shall
28   consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the
     motion." CCP § 391.3 provides that if after hearing the evidence upon the motion the court determines

                                                    3

that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix. CCP § 391.4 provides that when security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished. CCP § 391.7(a) provides in relevant part that in addition to any other relief, the Court may, on its own motion or the motion of any party, "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed" and that disobedience may be punished as a contempt of court. CCP § 391.7(b) provides that the presiding justice or judge "shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay" and may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3. CCP § 391.7(c) provides in relevant part that the clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing.

## II.    Evidentiary Issues

The County requests judicial notice of several dockets and documents in other cases. The County requests judicial notice of the dockets in SCV271045, SCV272182, SCV272183, SCV272184, SCV272185, SCV272186, SCV272187, and SCV272181. Judicial notice of official acts and court records is statutorily appropriate. See Cal. Evid. Code § 452(c) and (d) (judicial notice of official acts). Defendant has made no objections to the requests. Therefore, the request is GRANTED, and the Court takes judicial notice of the docket in each of those cases, as well as the legal effect of the rulings therein.

## III.    The Factual History Involving the Parties

This case came to judgment on July 24, 2020 by way of stipulation. Since that time, The County avers that Defendant has filed numerous unmeritorious motions and separate actions in an attempt to obstruct and harass the County and its employees for their involvement in this case. The County seeks to have Defendant declared a vexatious litigant under the third prong of CCP § 391(b) (Motion at 11:14-12:9), on the basis of the long and troubling history involving Defendant's repeated use of filing other litigation against anyone associated to this case.

The County has provided substantial evidence through their request for judicial notice to show that Defendant has filed civil lawsuits and elder abuse restraining orders against several members of the County Counsel's office in their individual capacity, and against the Hon. Rene Chouteau, a retired judicial officer who issued orders adverse to Defendant in this case. The County particularly draws the Court's attention to SCV271045, SCV272182, SCV272183, SCV272184, SCV272185, SCV272186, SCV272187, and SCV272181. To date, all of these cases have been denied or dismissed with prejudice. Defendant has been unable to substantiate any claims in these cases sufficient to carry his burdens as the moving party. Defendant has also made numerous filings within this case which have attempted to relitigate issues or further obstruct the judicial process. After entry of the judgment in this case, Defendant has filed, among other documents, a Rejection of Court Order (9/13/2022, amended 9/14/2022), an Objection to Judicial Officer (filed 9/2/2022, amended 9/9/2022), a Motion to Vacate Order (filed 7/27/2022), and a Motion to Vacate the Judgment (3/28/2022), a Notice of Stay (filed 1/10/2022, 1/12/2022 and 1/27/2022).

## IV.    Defendant's Conduct Meets the Standard for a Vexatious Litigant

First, the appeal in this case is of no moment to the determination here. The County makes no argument regarding this, as it is wholly inapplicable to the conduct which does implicate Defendant's vexatious tendencies. However, this is the only articulate argument Defendant makes in opposition. In

4

1  an attempt to oppose this motion, Defendant cites to *John v. Superior Court* (2016) 63 Cal.4th 91, 93
   ("*John*"), and in this limited application it has relevance.

2
           Particularly, the California Supreme Court found that vexatious litigant status does not preclude
3  a party from filing an appeal under CCP § 391.7 as a defendant. *Id.* at 97. However, the *John* court also
   stated that this does not prevent the Court of Appeal from determining that said defendant was a
4  vexatious litigant. *Id.* at 99. Defendant attempts to elucidate that his status as a Defendant means he
   cannot be labelled a vexatious litigant. However, this misses the *John* court's holding. Defendant need
5  only meet one of the standards set in CCP § 391 to be labelled a vexatious litigant.

6          Turning to the balance of the facts, Defendant's conduct meets at least three of the applicable
   standards. First, Defendant has clearly filed at least five failed actions in the last seven years. See CCP
7  § 391(b)(1). The Court has taken judicial notice of the dockets and results of SCV271045, SCV272182,
   SCV272183, SCV272184, SCV272185, SCV272186, SCV272187, and SCV272181. Each of these
8  actions were dismissed with prejudice and filed against individuals with some involvement in this case.
   The Court notes that despite Defendant's attempt to revive these cases, all but one are more than 60
9  days post-judgment, and therefore the time to appeal has passed. *See Garcia v. Lacey* (2014) 231
   Cal.App.4th 402, fn. 5. Therefore, Defendant has filed at least seven unsuccessful litigations. This
10 finding supports finding Defendant to be a vexatious litigant.

11         Second, Defendant has repeatedly attempted to relitigate the merits of a judgement to which he
   stipulated. The Judgment provided for the County's ability to request appointment of a receiver should
12 Defendant fail to comply with the Judgment terms. See Judgment, Exhibit A, pg. 8:20-23. After entry
   of the judgment in this case, Defendant has filed, among other documents, a Rejection of Court Order
13 (9/13/2022, amended 9/14/2022), a Motion to Vacate Order (filed 7/27/2022), and a Motion to Vacate
   the Judgment (3/28/2022), a Notice of Stay (filed 1/10/2022, 1/12/2022 and 1/27/2022). The Notice of
14 Stay and Motion to Vacate the Judgment have facial applicability to this section. However, the
   Rejection of Court Order and the Motion to Vacate Order are also attempts to relitigate parts of the
15 judgment. The Motion to Vacate Order was filed as applied to the receiver appointed under the
   stipulated judgment terms. After the Motion to Vacate Order was denied by the Hon. Rene Chouteau,
16 Defendant objected to the ruling because he had filed an objection to Judge Chouteau as a judicial
   officer. Defendant's objection was untimely under CCP § 170.6, as Defendant had appeared before
17 Judge Chouteau in this action multiple times before raising the objection. These all represent attempts
   to relitigate already determined issues. None of the above filed motions have been found to have even
18 the most minimal merit. This test also supports finding Defendant to be a vexatious litigant.

19         Third, Defendant repeatedly clogs the docket in this case with unmeritorious and frivolous
   filings. Liberally grouping together documents which are associated or even filed on the same day, and
20 ignoring any filings related to the appeal or oppositions to County motions, the Court counts at least 14
   denied motions or letter filings lacking any cohesive request since the Judgment was entered. It is clear
21 that Defendant is capable of filing motions which meet the filing requirements under the Rules of
   Court. See, e.g., Defendant's Motion to Vacate Judgment filed 3/28/2022. Defendant's repeated use of
22 chaotically formatted letter filings is indicative of an intent to obscure his requests, and therefore
   harass. This number also ignores Defendant's repeated amendment of motions and refiling of
23 incredibly similar documents. Among the filings is a recent letter filed 6/27/2023, wherein Defendant
   demands the Court provide an accounting of his judgment in this case, and that should the Court fail to
24 do so, he will initiate litigation against a large number of individuals, including this judicial officer.
   This is evidence of Defendant's use of the court system in an attempt to improperly harass and vex
25 anyone associated with this case in order to produce Defendant's desired outcome. All of this is
   indicative of Defendant's use of unmeritorious and frivolous filings in this case. Defendant has
26 undertaken actions which qualify him for vexatious litigant status through multiple avenues.

27         The County's motion is GRANTED.

28

---

V.        Conclusion

Based on the foregoing, the County's motion is **GRANTED**.  Defendant is hereby declared a vexatious litigant. Defendant may not file any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. CCP § 391.7. The clerk of court is ordered to provide notice to the Judicial Council of the prefiling order issued in the instant case. CCP § 391.7(f).

The County shall submit a written order to the court consistent with this tentative ruling and in compliance with Rule of Court 3.1312(a) and (b).

[Proposed] ORDER GRANTING PLAINTFF'S MOTION RE VEXATIOUS LITIGANT

## Michael King

| | |
|---|---|
| **From:** | Michael King |
| **Sent:** | Wednesday, July 19, 2023 4:19 PM |
| **To:** | Michael Castagnola |
| **Cc:** | Diana Gomez |
| **Subject:** | Order re Motion to Declare Vexatious Litigant  SCV-265714 |
| **Attachments:** | (Proposed) Order Re Vexatious Litigant.pdf |

Mr. Castagnola

Please find our Order following the hearing this afternoon, which you requested.  A copy of the tentative ruling is attached.

Please sign on the line "Approved as to form" and return the signed copy   Thank you for your attention to this request.



**Michael King**
**Office of the County Counsel**
*Deputy County Counsel*

**o:**  (707) 565-2421
**f:**  (707) 565-2624

michael.king@sonoma-county.org

The information contained herein is confidential information protected by the attorney-client and/or the attorney work-product privilege and is intended only for the use of the individual or entity to which it is addressed.  The confidentiality is not waived by virtue of this having been transmitted via email.  Any review, retransmission, dissemination, copying or other use of or taking any action in reliance upon this information by individuals or entities other than the intended recipient is prohibited.  If you received this communication in error, please notify the sender immediately and delet the material from any computer.

**Exhibit 2**

The State Bar Court of California

 The State Bar
*of California*

# Attorney Profile

# Herman Adam Danie Franck V #123476

**License Status: Active**

Address: Franck & Associates Attorneys at Law, 1750 Prairie City Rd Ste 130, Pmb 254, Folsom, CA 95630-9597

Phone: 916-256-6266  |  Fax: Not Available

Email: franckhermanlaw88@yahoo.com  |  Website: Not Available

More about This Attorney ▾

# License Status, Disciplinary and Administrative History

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's policy on removal of administrative actions. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ℹ | Discipline ℹ | Administrative Action ℹ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 6/10/1986 | Admitted to the State Bar of California | | |

**Additional Information:**

- About the disciplinary system

Start New Search »

Protecting the public & enhancing the administration of justice.

San Francisco (Main Office)
180 Howard St.
San Francisco, CA 94105
415-538-2000

Los Angeles
845 S. Figueroa St.
Los Angeles, CA 90017
213-765-1000

Help Center

Contact Us

Public Records

News

Our Mission

Site Feedback

Careers

Staff Logins

My State Bar Profile Login

Copyright ©2025 The State Bar of California

User Policies

**Exhibit 3**

← Back to Search

# Franck & Associates

⭐⭐⭐⭐⭐ 5.0 (4 reviews)

Unclaimed ⓘ • Lawyers

Write a review     📷 Add photos/videos     ⬆ Share     🔖 Save

**Do you recommend this business?**     Yes     No     Maybe

## Photos & videos

See all 13 photos →

   

## About the Business

 **Herman F.**
Business Owner

Lawsuit? Herman Franck, Esq. is a graduate of Georgetown University Law Center - He is passionate about his clients and will do what it takes.

Read more

## Location & Hours

Suggest an edit ✏



1801 7th St
Ste 150
Sacramento, CA 95814
Downtown

Get directions

---

## Reach out to other businesses

This provider has not enabled messa
Yelp, but you can still request a cons
from other businesses like them.

Start request

---

**entrepreneur-center.net**

(916) 447-8400

Get Directions
1801 7th St Ste 150 Sacramento, C/
95814

✏ Suggest an edit

---

**Verify this business for free**

People searched for Lawyers 494 times l
within 20 miles of this business.

Verify this business

Explore benefits



**Avvo**

🔍  Grow your practice          Sign in

Find a Lawyer > California > Folsom > Business

## Herman Adam Danie Franck V

1.6 ⭐⭐☆☆☆
7 reviews

🏛 Licensed for 39 years

🏢 Business Lawyer at Folsom, CA
Practice Areas: Business, Partnership, Limited Liability Company (LLC), Corporate & Incorporation

📍 1750 Prairie City Rd Ste 130 Pmb 254, Folsom, CA, 95630-9597

Claim Profile

**Is this your profile? Claiming it is free and only takes 2 minutes.**

Overview                                Reviews                                Experience



◄                                                                                      ►

| **About Herman**

Overview                    Reviews                    Experience

**Exhibit 4**

The State Bar Court of California

 The State Bar
*of California*

# Attorney Profile

# Elizabeth Ann Betowski #245772

**License Status: Active**

Address: Franck & Associates, 1750 Prairie City Rd Ste 130, Pmb 254, Folsom, CA 95630-9597
Phone: 916-256-6266  |  Fax: Not Available
Email: elizabeth.francklaw@gmail.com  |  Website: Not Available
More about This Attorney ▾

# License Status, Disciplinary and Administrative History

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's policy on removal of administrative actions. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

**Exhibit 5**

        



# Sabrina Q Chen · 3rd

Co-Owner, Franck and associates, attorneys at Law; Real Estate Agent REMAX Gold

Franck and associates, attorneys at Law; Bette home and Garden

Greater Sacramento · Contact info

37 connections

Message    **+ Follow**    •••

## Activity

**+ Follow**

37 followers

### Sabrina Q has no recent posts

Recent posts Sabrina Q shares will be displayed here.

Show all →

## Experience

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

In reviewing a licensee's information, please be aware that license discipline information may have been removed from a licensee's record pursuant to Business & Professions Code Section 10083.2 (c). However, discipline information may be available from the California Department of Real Estate upon submittal of a request, or by calling the Department's public information line at 1-877-373-4542.

The license information shown below represents public information. It will not reflect pending licensing changes which are being reviewed for subsequent updating. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

Some historical disciplinary action documents may not be in compliance with certain accessibility functions. For assistance with these documents, please contact the Department's Licensing Flag Section.

License information taken from records of the Department of Real Estate on 2/5/2026 12:37:59 PM

---

**License Type:**            SALESPERSON

**Name:**                    Chen, Sabrina

**Mailing Address:**         1801 7TH ST #150
                             SACRAMENTO, CA 95814
                             (Above address is marked unreliable in DRE database)

**License ID:**              01870043

**Expiration Date:**         09/27/17

**License Status:**          EXPIRED

**Salesperson License Issued:** 09/28/09

**Former Name(s):**          NO FORMER NAMES

**Responsible Broker:**      NO CURRENT RESPONSIBLE BROKER

**Comment:**                 NO DISCIPLINARY ACTION

                             NO OTHER PUBLIC COMMENTS