JOSHUA A. MYERS #250988
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
E-mail: michael.king@sonomacounty.gov

Attorneys for Defendants
Robert Pittman, Diana Gomez,
Michael King, Tyra Harrington,
Susan Gorin, David Rabbit,
Chris Coursey, James Gore,
Lynda Hopkins, Jesse Calbk,
County of Sonoma

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA,

    Plaintiff,

vs.

MARK ADAMS, Et al.

    Defendants.

_____ /

Case No. 25-cv-03624-JD

**ADMINISTRATIVE MOTION FOR ORDER TO EXPUNGE LIS PENDENS**

Courtroom:  Courtroom 11 – 19th Floor
Judge:  Hon. James Donato

TO THE PLAINTIFFS MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016 and CARLY CASTAGNOLA AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendants Robert Pittman, Diana Gomez, Michael King, Tyra Harrington, Susan Gorin, David Rabbit, Chris Coursey, James Gore, Lynda Hopkins, Jesse Calbk and County of Sonoma ("County Defendants") hereby request an Order to expunge the

lis pendens recorded by the attorneys for Plaintiffs MICHAEL CASTAGNOLA; MICHAEL CASTAGNOLA AS TRUSTEE OF THE MICHAEL L. CASTAGNOLA REVOCABLE TRUST AGREEMENT DATED SEPTEMBER 15, 2016; CARLY CASTAGNOLA, ("Plaintiffs") in the County of Sonoma on October 20, 2026, Document No. 202505343, which purports to affect the real property commonly known as 12778 Dupont Road, Sebastopol, CA 05472-8934; Assessor's Parcel Number ("APN") 074-020-015-000. ("Property".)

This motion is made and based upon United States District Court for the Northern District of California Local Rule 7-11, as well as California Code of Civil Procedure §§405.22, 405.23, and 405.30 et seq.  Defendants were not provided that counsel for Plaintiffs CASTAGNOLA actually recorded any document against the Property. No copy of the recorded "Notice" was filed with this Court, despite the document claiming to relate to this Plaintiff's action.

Furthermore, this Court has already determined that this case is subject to dismissal with prejudice, since Plaintiffs failed to amend the First Amended Complaint. (Dkt. No. 70.)

WHEREFORE moving party prays that the Court order that the lis pendens be expunged.

Dated:  June 9. 2026                        JOSHUA A. MYERS, County Counsel


By:___***Michael A. King***_____
   Michael A. King,
   Deputy County Counsel
   Attorneys for County Defendants


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL SUMMARY

As the Court is aware of the voluminous and cumbersome First Amended Complaint (Dkt. No. 18) and the Motions to Dismiss by both Defendant Mark Adams (Dkt. No. 34) and County Defendants (Dkt. No. 42, this case derives from the Receivership eventually required for abatement of code violations at the real property commonly known as 12778 Dupont Road,

Sebastopol, CA 05472-8934; Assessor's Parcel Number ("APN") 074-020-015-000.  Plaintiffs Castagnola have been resisting the terms of a Stipulated Judgment in Superior Court of California, Sonoma County, Case No. SCV-265714, since soon after it was entered on July 24, 2020. **(Exhibit No. 1.)** They have pursued all forms of questionable motions and appeals in Superior Court (and the Court of Appeals) including numerous challenges to the appointment of the Receiver.

The only result of all the challenges to the Receiver achieving abatement is the increased time and expense for the Receiver far beyond the customary time to abate.

County Defendants were aware that Plaintiff counsel, Herman Franck, filed a document in this action on September 23, 2025 entitled "Notice of Lis Pedens" (Dkt. No. 19.)  What Defendants were not aware of until recently was that <u>after</u> the September 23, 2025 "Notice", attorney Franck recorded a "Notice of Lis Pendens" with the Sonoma County Recorder, Document No. 2025050343. **(Exhibit No. 2.)**  This recorded "Notice" was not filed in this action (Case No. 25-cv-03624-JD), and it was never served on County Defendants.

Before recording this invalid "Notice of Lis Pendens", Michael Castagnola previously recorded a false "conservation easement" which required the County of Sonoma to obtain and record an Order Granting Invalidity of Recorded Conservation Easement in Superior Court Case No. SCV266342.  **(Exhibit No. 3.)**

## II.  THE COURT SHOULD GRANT THE MOTION TO EXPUNGE LIS PENDENS

### A.  Legal Standard

The California statutory lis pendens scheme extends to the federal district courts. Cal. Civ. Proc. Code § 405.5*; U.S. v. Real Prop. & Improvements* , 2009 U.S. Dist. LEXIS 98508 *10 (N.D. Cal. 2009). Thus, "[f]ederal courts look to state law regarding matters pertaining to lis pendens." *Cua v. Mortg. Elec. Registration Sys., Inc.,* 2012 U.S. Dist. LEXIS 94716*3 (N.D. Cal. 2012) Accordingly, federal district courts apply California law when ruling on a motion to expunge a lis pendens. See *Farahani v. Cal-Western Reconveyance Corp*., 2009 U.S. Dist. LEXIS 42344 *4-5 (N.D. Cal. 2009) (applying California law in expunging lis pendens).

**B. Lis Pedens Was Not Filed, Nor Served**

Plaintiffs' counsel were responsible for the surreptitious recording of the "Notice of Lis Pedens" and now are trying to avoid the consequences. After denying any involvement, they did forward the Stipulation to Expunge to their clients. The lis pendens was not filed in this Court, nor served as required by California Code of Civil Procedure §405.22. That statute requires that *immediately upon recording of the lis pendens*, a copy of the Notice must be filed with the Court, and *thereafter* service must be made. California Code of Civil Procedure § 405.23 states that any notice of pendency of action is void and invalid unless the requirements of §405.22 are complied with. The October 20, 2025 "Notice of Lis Pendens" recorded in Sonoma County is void.

Apparently in order to avoid notice of the actual recording of the document, Plaintiff counsel waited for one month after they filed a "Notice of Lis Pedens" in this case (Dkt. No 19), before they recorded a different "Notice of Lis Pedens" on October 20, 2025. (**Exhibit No. 2.**) The recorded "Notice" was not served on the County Defendants. The recorded document was not filed in this action as mandated by California Code of Civil Procedure §405.22.

**C. Lis Pedens is Invalid Since There is No Basis for Their Claims**

After a notice of lis pendens is filed, "any party, or nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. Under California law, "[t]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence that the underlying action affects title to or right of possession of the real property, and the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. This Court has already determined that this case is subject to dismissal with prejudice. (Dkt. No. 70.) As clearly shown in the Motion to Dismiss by the Receiver and the Motion to Dismiss by the County Defendants, Plaintiffs were no longer in legal possession of the Property. This case is presently subject to dismissal for failure to amend the very objectionable and erroneous First Amended Complaint.

**III. DEFENDANTS REQUESTED THAT PLAINTIFF COUNSEL EXPUNGE NOTICE**

Since he was responsible for the recording of the invalid instrument, County Defendants requested that Herman Franck expunge the Notice of Lis Pendens with the Sonoma County

Recorder.  He initially refused citing he no longer represented Plaintiffs.  He later forwarded a copy of a proposed Stipulation and Order to his clients. **(Exhibit Nos. 4 and 5.)**

**IV**.  **CONCLUSION**

County Defendants respectfully request that the Court should grant the motion and Order the Notice of Lis Pendens be expunged.

Dated:  June 9, 2026                                          JOSHUA A. MYERS, County Counsel


By:    *Michael A. King*
                Michael A. King,
                Deputy County Counsel
                Attorneys for County Defendants